JAY L. ALLORD, Petitioner-Appellee, v. MUNICIPAL OFFICERS ELECTORAL BOARD FOR THE VILLAGE OF SOUTH CHICAGO HEIGHTS *et al.*, Respondents-Appellants.

First District (5th Division)   No. 1—97—0986

Opinion filed June 6, 1997.

Ancel, Glink, Diamond, Cope & Bush, P.C. (Robert Bush, David Lincoln Ader, and Keri-Lyn Krafthefer, of counsel), and Kusper & Raucci, Chartered (Andrew Raucci and Barbara Goodman, of counsel), both of Chicago, for appellants.

Rosenthal, Murphey, Coblentz & Janega, of Chicago (Katherine Janega, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Respondents, the Municipal Officers Electoral Board for the Village of South Chicago Heights (Board), its individual members, Donald E. Cull, Burton S. Odelson, and Samuel J. Ruffolo, and five candidates (candidates) for public office in South Chicago Heights, appeal the circuit court's decision reversing the Board's ruling that the candidates' names be included on the ballot and ordering that the candidates' names not appear on the ballots for an approaching consolidated municipal election.

The five candidates—David L. Owen, Melinda Villarreal, Lucian "Big Lou" Bednarek, Joseph M. Kudra, Jr., and John M. Ross, members of a new political party—were candidates for each office to be filled in the Village of South Chicago Heights' elections to be held on April 1, 1997. Each candidate filed a statement of economic interests on December 19, 1996, pursuant to section 4A—105 of the Illinois Governmental Ethics Act (5 ILCS 420/4A—105 (West 1996) (section 4A—105) (Ethics Act)). On January 13, 1997, each candidate

filed nomination papers pursuant to section 10—5 of the Election Code (10 ILCS 5/10—5 (West 1996)) (section 10—5). Petitioner, Jay L. Allord, filed objections to the nominating documents, asserting that each was invalid because the candidates failed to file a statement of economic interests within the calendar year of 1997. Allord also made several other objections, none of which are relevant to this appeal.

Each candidate moved to dismiss Allord's objections, which the Board consolidated at a hearing held on February 3, 1997. In five separate but identical written opinions issued on February 10, the Board granted the candidates' motions and overruled Allord's objections to the nomination papers, finding that the candidates' filing of the statements of economic interests on December 19, 1996, satisfied the requirements of both the Election Code and the Ethics Act.

On February 19, 1997, Allord filed a petition for review in the circuit court, seeking reversal of the Board's decision pursuant to section 10—10.1 of the Election Code (10 ILCS 5/10—10.1 (West 1996)), and naming only the Board and its three individual members (collectively Board) as respondents. Allord argued that the Board's decision ignored the plain language of section 10—5 and misinterpreted the scope of section 4A—105.

The Board moved to dismiss Allord's petition pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)), urging that the candidates, as well as the Cook County clerk (Clerk), were necessary parties to the litigation, and the failure to name them in the petition as respondents was a fatal jurisdictional defect because the 10-day limitations period for filing section 10—10.1 administrative review complaints had passed. Allord then moved for leave to add the five candidates as respondents to the petition.

The circuit court denied the Board's motion to dismiss and granted Allord leave to amend his petition. On March 19, 1997, after hearing arguments from the candidates, the Board, and Allord, the court reversed the decision of the Board, holding that because the candidates filed their statements of economic interests before the beginning of the statutory period for filing nomination papers, the filings were insufficient and the candidates' names would not be included on the ballots. The court also denied the candidates' joint motion to dismiss the petition for failure to name the Clerk as a respondent. The Board and the candidates appeal.

Because of the need to render a decision before the impending elections, this court granted appellants' emergency motion to expedite the appeal. On March 27, 1997, we reversed the decision of the circuit court, ruling that the Board's decision in favor of the

candidates, and their inclusion on the April 1 ballot, would remain in effect, with a written order or opinion to follow, which we now file.

## I

The Board and candidates contend that the Board's ruling is entitled to deference and the circuit court exceeded its authority when it determined the proper construction to be given section 10—5 without considering the interpretation of that statute contained in the Board's written findings. Because we dismiss this appeal for reasons set forth in point II of this opinion, we do not reach this issue for decision.

## II

The Board and candidates argue that the circuit court lacked jurisdiction over Allord's petition for two reasons: (1) Allord failed to serve the candidates personally with notice of his petition within 10 days of his filing the petition; and (2) Allord failed to make the Clerk a party to the proceedings before the circuit court.

■ Courts do not possess inherent authority to hear election contests and may exercise jurisdiction in such cases only when and as provided by statute. *Pullen v. Mulligan*, 138 Ill. 2d 21, 32, 561 N.E.2d 585 (1990); *In re Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982*, 93 Ill. 2d 463, 474, 444 N.E.2d 170 (1983). Special statutory jurisdiction, as exercised by the circuit court in this case, is limited to the language of the conferring statute, and if the prescribed statutory procedure is not strictly pursued, no jurisdiction can be invoked in the court. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210, 486 N.E.2d 893 (1985).

■ The circuit court in the present case purported to exercise jurisdiction over the petition pursuant to section 10—10.1 of the Election Code (10 ILCS 5/10—10.1 (West 1996)) (section 10—10.1), which allows parties to seek judicial review of an electoral board's decision, but imposes certain procedures that must be followed:

> "The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. *The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding* by registered or certified mail and shall file proof of service with the clerk of the court. No answer to the petition need be filed, but any answer must be filed within 10 days after the filing of the petition." (Emphasis added.) 10 ILCS 5/10—10.1 (West 1996).

The Board and candidates contend that Allord did not comply with section 10—10.1 because the candidates were not served with or named in the original petition. They interpret section 10—10.1 to require that all respondents in the circuit court proceeding be served within 10 days after the petition is filed, in order to allow them to file an answer to the petition within the statutory time period. Further, they argue, under section 10—10.1, a petition must contain the names of all necessary parties when it is filed within 10 days of the board's decision and may not later be amended to add other parties. The original petition, they claim, did not comply with the requirements of the statute, resulting in want of jurisdiction.

■ ■ The paramount rule of statutory construction, rising above all other canons and rules, is to "ascertain and give effect to the true intent and meaning of the legislature." *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 194, 595 N.E.2d 561 (1992). In determining legislative intent, the plain language of the statute first must be examined; unambiguous terms, when not specifically defined, will be given their plain and ordinary meaning. *Hernon*, 149 Ill. 2d at 194-95. Here, section 10—10.1 includes four explicit requirements that must be met before the circuit court may obtain jurisdiction over the case: (1) a challenging petition must be filed with the clerk of the court within 10 days after the electoral board issues its decision; (2) the petition shall state briefly the reasons why the board's decision should be reversed; (3) the petitioner shall serve copies of the petition upon the electoral board and other parties to the proceeding by registered or certified mail; and (4) the petitioner shall file proof of service with the clerk of the court.

■ A review of the record confirms that Allord did not comply with all four requirements, preventing the circuit court from exercising jurisdiction over the case. Although he filed the petition on February 19, 1997, within the requisite 10 days after the Electoral Board issued its decision, and his petition stated the reasons why he believed the Board's decision should be reversed, he served only the members of the Board, their attorney, and the attorney for the candidates who had appeared before the Board. He failed to name the candidates who were parties to the Board's proceeding in his petition, however. Lastly, Allord filed proof of service, a copy of which was attached to the petition, which did not show service of the petition upon the candidates.

The Board and candidates assert that there was neither a proper petition for review, nor service of it, within the limited jurisdictional time prescribed by statute for instituting the review action; therefore, jurisdiction did not vest at the only time it could under the statute.

As a consequence, they argue, the order entered by the circuit court is void.

Service of a legally proper petition on the necessary parties, "the electoral board and other parties to the proceeding," did not occur within the statutorily limited period during which jurisdiction could be satisfied and attach. See *Pullen v. Mulligan*, 138 Ill. 2d 21, 561 N.E.2d 585, 589 (1990); see also *Russ v. Hoffman*, 288 Ill. App. 3d 281 (1997) (*Russ*). Failure to timely file an election contest prohibits the court from proceeding with the contest.

That the candidates' attorney who represented them before the Board was served is without significance for several reasons. The proof of service attached to the petition names only one party—the "Municipal Officers Electoral Board of the Village South Chicago Heights," through its chairman; no candidate's name appears on this proof of service. Although the name of Andrew M. Raucci appears on the proof of service, the record does not show in what capacity he was served, whether as anyone's agent or attorney; and no candidate is shown to have been served in his care. Strict compliance with every prerequisite to special and limited jurisdiction must appear in the record, unaided by any presumption or matter outside the record.

In general, an attorney's relation to his or her client ceases upon the rendition of judgment, unless the relationship has been specially continued. No assumption obtains that after the proceeding in front of the Board ended with dismissal of the objection the relationship between the candidates and their attorney continued. *People v. Wos*, 395 Ill. 172, 177, 69 N.E.2d 858, 861 (1946) ("[T]he employment of an attorney *** ordinarily comes to an end with the completion of the special task for which the attorney was employed. It is always a presumption that an attorney is employed to conduct the litigation to judgment, and no further; the relation of attorney and client and the general powers of the attorney cease upon the rendition and entering of the judgment"). Undoubtedly the candidates could have reemployed the same attorney to handle further proceedings. The fact that the same attorney later was retained proves nothing about their relationship during the hiatus until Raucci was served. The record is devoid of any evidence as to whether Raucci was the candidates' attorney at the time he was served or not. Significantly, the candidates came to court only after they were themselves *personally* served, and then only after the time established by the statute to serve them had elapsed.

Under section 10—10.1 a legally sufficient petition was required to be filed within 10 days of the Board's decision. The other parties to the proceedings were required to be served promptly. The statute

limited the time that other parties to the proceedings could choose to file an answer to 10 days from the filing of the petition, which compels the conclusion that the legislative intention was that service to support jurisdiction had to be made promptly so as to permit an actual opportunity to answer within this short 10-day period, considering an impending election. In the case at bar, it was not.

Allord contends that section 10—10.1 of the Election Code does not explicitly require that the agency and all the parties of record are to be named appellants; he maintains that the only indispensable party who was required to be named during the 10-day window for filing a petition for judicial review was the electoral board, of whose decision the petition sought relief. We disagree. Section 10—10.1 not only requires service upon the electoral board, but the term "and the other parties to the proceeding" follows immediately after the term "electoral board." The two terms are connected by a conjunction denoting equivalency—"and." 10 ILCS 5/10—10.1 (West 1996). A statute cannot be read in a manner that ignores or reduces its language to meaningless surplusage. *In re Application of County Collector of Kane County*, 132 Ill. 2d 64, 72, 547 N.E.2d 107 (1989). Courts should not adopt a construction that renders words or phrases in a statute superfluous. Both the electoral board and other parties to the proceeding are indispensable parties in this proceeding, for different reasons. The electoral board is a neutral decision maker; it is made a party so that the court can require it to deliver up its record for review and to require it to follow the court's orders once rendered. The electoral board does not have a substantive interest affected. The other parties to the proceeding, however, are the real parties in interest—the candidates. The candidates are clearly indispensable, since court proceedings are adversarial, and it is the interests of the candidates that are actually at risk with regard to the threat of being stricken off the ballot.

Although not directly applicable, the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)) may be consulted. This court has found the Administrative Review Law to be sufficiently analogous to this statutory provision providing review to give guidance to courts functioning under the Election Code's grant of review. *Russ*, 281 Ill. App. 3d 281; *Serwinski v. Board of Election Commissioners*, 156 Ill. App. 3d 257, 261, 509 N.E.2d 509 (1987). The supreme court in *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353, 549 N.E.2d 1266 (1990), has held that, under the Administrative Review Law, the administrative agency (Board) and all parties of record before it (candidates) must be made defendants in the circuit court, construing section 3—107 (Ill. Rev. Stat. 1985, ch. 110, par. 3—107). The appel-

late court similarly so holds (*New York Carpet World, Inc. v. Department of Employment Security*, 283 Ill. App. 3d 497, 500, 669 N.E.2d 1321 (1996); *Stanley v. Department of Employment Security*, 235 Ill. App. 3d 992, 996, 602 N.E.2d 73 (1992)). Supreme Court Rule 335(a) (155 Ill. 2d R. 335(a)) articulates the same requirement.

The due process clause of the constitution does not permit candidates to be stricken from the ballot without their participation in the action in defense of their right to be listed as candidates. *In re Application of County Collector*, 53 Ill. App. 3d 120, 124, 368 N.E.2d 929 (1977). The petition here failed to comply with the statute and was legally insufficient to cause jurisdiction to attach.

As a result, Allord's failure to include the five candidates in his original petition, or to serve them with notice of the petition within 10 days of filing it, precluded the circuit court from exercising jurisdiction over the election contest.

■ The Board and candidates next argue that the Clerk, who controls the printing and distribution of election ballots, was a necessary party to the circuit court action, and Allord's failure to include him as a respondent to the petition prevented the circuit court from exercising jurisdiction over the case. Section 10—10.1, however, contains no reference to county clerks and does not require that the appropriate county clerk, or any other governmental official, be named in or served with the petition. The absence of any mention of county clerks in section 10—10.1 provides clear evidence of the legislature's intent not to compel parties appealing the decision of an electoral board to include the county clerk as a respondent in every petition before the circuit court. Allord's decision not to name the Clerk as a respondent in his petition did not violate section 10—10.1 or prevent the circuit court from exercising jurisdiction over the case. The decisions cited by the parties relating to this argument are not controlling, in that they involve *mandamus* actions and not petitions brought pursuant to section 10—10.1. In *People ex rel. Meyer v. Kerner*, 35 Ill. 2d 33, 38, 219 N.E.2d 617 (1966), the court reversed the decision of the circuit court, noting in *dicta* that the electoral board and county clerk should have been named in the circuit court action, because they were "entitled to be heard before the entry of an order so vitally affecting their official functions." Allord cites *Caldwell v. Nolan*, 167 Ill. App. 3d 1057, 1067, 522 N.E.2d 175 (1988), where the court held that, in the absence of any evidence that the county clerk would not perform his public duty, the clerk was not a necessary party to the *mandamus* action. No case involving a section 10—10.1 petition, in which the county clerk was alleged or held to be a necessary party to the circuit court action for jurisdictional purposes, has been cited or found.

Although the Clerk could have been joined in this action, Allord's decision not to name him as a respondent in the section 10—10.1 petition, or serve him, did not defeat the circuit court's jurisdiction. The court did not err in refusing to dismiss Allord's petition for failure to name the Clerk as a party.

Allord's failure to timely name the candidates in his petition or to serve them within the statutory period precluded the exercise of jurisdiction by the circuit court and requires that the order of the circuit court be vacated and that the appeal be dismissed.

Order vacated; appeal dismissed.

HOFFMAN and HOURIHANE, JJ., concur.