No. 2--07--0228        Filed: 4-1-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DANIEL G. ZACK, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | Nos. 06--MR--544 |
| | ) | 06--MR--573 |
| | ) | |
| RUSSELL OTT and LORI OTT, | ) | Honorable |
| | ) | Michael J. Colwell, |
| Respondents-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE BYRNE delivered the opinion of the court:

The Batavia Public Library District (the Batavia district) sought to annex certain territory in which respondents, Russell Ott and Lori Ott (collectively, the Otts), and petitioner, Daniel G. Zack, allegedly reside. The Otts sought a referendum on the annexation by signing and filing a petition with the Batavia district's board of library trustees. Suspecting that the neighboring Geneva Public Library District (the Geneva district) had facilitated the Otts' petition, Zack objected to the referendum by filing his own petition with the Kane County Officers Electoral Board (the Electoral Board). Following a public hearing, the Electoral Board overruled Zack's objection and ordered that the referendum be placed on the April 17, 2007, ballot.

Zack appealed the Electoral Board's decision by filing a petition for judicial review in the circuit court of Kane County. The caption of the petition does not name the Electoral Board or its

members as "parties," but each member was timely served with the petition and Zack filed proof of service in the circuit court. The court concluded that it lacked subject matter jurisdiction to consider the petition, because the petition did not name the members of the Electoral Board as parties. The court dismissed the petition solely on the jurisdictional issue, and we conclude that the court erred in ruling that it lacked subject matter jurisdiction over the petition. Therefore, we reverse the circuit court's order and remand the cause for further proceedings.

FACTS

On October 18, 2006, the Batavia district passed Ordinance No. 2006--011 (the annexation ordinance), which sought to annex certain territory. See 75 ILCS 16/15--15 (West 2006) (Public Library District Act of 1991 gives a public library district the authority to annex by ordinance). On November 20, 2006, the Otts signed and filed with the district a document entitled "Petition for Referendum Concerning Annexation of Territory to the Batavia Public Library District." See 75 ILCS 16/15--15 (West 2006). The Otts were the only signatories of the petition for the referendum.

On December 1, 2006, Zack filed his objection to the referendum. Under section 10--8 of the Election Code, any legal voter in the district may file an objector's petition with the proper electoral authority. 10 ILCS 5/10--8 (West 2006). Asserting that he was a legal voter eligible to object, Zack argued that (1) the Otts' signatures are not legible; (2) the signatures on the petition for referendum do not match the Otts' official signatures that were recorded in the office of the election authority, because they appear different and do not include the Otts' middle initials; (3) the Otts registered as voters in the annexation territory on the same day they signed the petition, which made their legal residence "questionable and doubtful"; (4) Zack is interested in ensuring that only "qualified voters and their proper signatures" appear on the petition for referendum as required; and (5) the neighboring Geneva district solicited the petition, which constitutes "improper ultra vires political acts

-2-

beyond the statutory powers of such library district." In support of the objection, Zack attached copies of the Otts' petition for referendum, the Kane County Election Commission certifications of the Otts' voter registration status, and a letter in which the library director of the Geneva district tendered the Otts' petition to the Batavia district's board of library trustees.

The Electoral Board held a public hearing on the objection on December 13, 2006, and the Electoral Board entered its written findings on December 22, 2006. The Otts moved to strike the objection, based on Zack's absence from the hearing, but the Electoral Board denied the motion because Zack was represented by counsel. Zack sought a declaration that the petition for referendum was moot, but the Electoral Board denied it, concluding that the subsequent actions of the Batavia district were beyond the scope of the hearing. The Electoral Board found that the Otts were registered voters at the time they signed the petition for referendum and that the petition otherwise complied with the Election Code. Therefore, the Electoral Board denied Zack's objection to the referendum.

On December 29, 2006, Zack filed a petition for judicial review in the circuit court of Kane County. On January 29, 2007, the circuit court entered a written order dismissing the petition for judicial review, based on a finding that the court "lacks subject matter jurisdiction for [Zack's] failure to name the members of the Electoral Board as parties." Zack filed a timely notice of appeal on February 28, 2007.

ANALYSIS

On appeal, Zack argues that we must reverse the circuit court's dismissal of his petition for judicial review because (1) the court erred in deciding that it lacked subject matter jurisdiction to decide the petition; (2) the Electoral Board, before making its ruling, erred in refusing to consider the lack of contiguity of the Otts' property; (3) the Electoral Board's ruling should be set aside and the

Otts' petition should be declared invalid; and (4) the Electoral Board is not a proper party to these proceedings and may not engage in advocacy. The Otts offer arguments to rebut all of Zack's positions, but we conclude that Zack prevails on the jurisdictional issue, which is dispositive.

Zack persuasively argues that the circuit court erred in ruling that his failure to name the Electoral Board members in the petition for judicial review divested the court of subject matter jurisdiction. Illinois courts do not possess "inherent authority" to resolve disputes concerning elections; courts exercise their jurisdiction over such cases only as provided by statute. Rita v. Mayden, 364 Ill. App. 3d 913, 917 (2006); Allord v. Municipal Officers Electoral Board, 288 Ill. App. 3d 897, 900 (1997). If the party seeking judicial review of an electoral board's decision fails to comply strictly with the statutory procedures, Illinois courts cannot invoke their jurisdiction. Rita, 364 Ill. App. 3d at 917; Allord, 288 Ill. App. 3d at 900.

However, a party's compliance with the statutory procedures gives the circuit court subject matter jurisdiction only if the pleading on file seeks relief that the court has the authority to grant. Cardona v. Del Granado, 377 Ill. App. 3d 379, 384 (2007) (trial court retained jurisdiction over plaintiff's lawsuit because plaintiff placed the jury's verdict before the court by timely filing a posttrial motion challenging the court's judgment on the verdict). In this case, Zack's petition for judicial review informed the necessary parties of the claimed issues and what relief was sought. See Cardona, 377 Ill. App. 3d at 384. We determine that the pleading sufficiently raised justiciable matters such that the circuit court had the authority to order the relief sought. See People v. Mescall, No. 2--06--0287, slip op. at 7 (February 11, 2008), quoting People v. Davis, 156 Ill. 2d 149, 157 (1993) ("jurisdiction is [a] subject which relates to power of court and not to rights of parties").

The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature. People v. Alexander, 204 Ill. 2d 472, 485 (2003). The starting point in ascertaining

the legislature's intent is the language of the statute itself.  Serwinski v. Board of Election Commissioners, 156 Ill. App. 3d 257, 259 (1987).  We interpret the Election Code, like all statutes, in a way that gives meaning to all of the language in the statute.  Allord, 288 Ill. App. 3d at 903 ("[a] statute cannot be read in a manner that ignores or reduces its language to meaningless surplusage"), citing In re Application of the County Collector, 132 Ill. 2d 64, 72 (1989).  When the facts are not disputed, determining compliance with the Election Code is a question of law, which we review de novo.  Pascente v. County Officers Electoral Board, 373 Ill. App. 3d 871, 873 (2007).

Section 10--10.1 of the Election Code, which governs the filing of a petition for judicial review of an electoral board's decision, provides in relevant part as follows:

"Except as otherwise provided in this Section, a[n] *** objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held.  The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board.  The petition shall contain a brief statement of the reasons why the decision of the board should be reversed.  The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court.  No answer to the petition need be filed, but any answer must be filed within 10 days after the filing of the petition.

The court shall set the matter for hearing to be held within 30 days after the filing of the petition and shall make its decision promptly after such hearing."  (Emphasis added.)  10 ILCS 5/10--10.1 (West 2006).

In addition to identifying the State of Illinois, Kane County, and the Sixteenth Judicial Circuit, the caption of Zack's petition for judicial review identifies the matter as follows:

"In re: The Objection of Daniel G. Zack to The Petition Filed By Russell Ott and Lori Ott With the Board of Trustees Of the Batavia Public Library District, Kane County, Illinois, Asking That the Question Of the Annexation of Certain Territory Described in Ordinance No. 2006--011, Dated October 18, 2006, be Submitted to the Voters of the Library District and the Voters of Said Territory Sought to be Annexed."

The petition for judicial review alleges that the Electoral Board erroneously (1) concluded that the Otts' petition for a referendum was not moot, (2) declined to consider Zack's allegation that the Geneva district facilitated the petition for referendum, (3) failed to recognize that the legal descriptions of the territory set forth in the ordinance show that the Otts do not reside in the territory annexed by the ordinance, and (4) failed to determine the Otts' residency status. The petition seeks review and reversal of the Electoral Board's findings that (1) the Otts were "registered voters" of the annexed territory, (2) the Otts' petition for referendum was not moot, and (3) the Otts' petition was valid. The petition also seeks a determination that the Otts' petition was not submitted by voters residing in the territory annexed by the ordinance and that neither section 10--10 nor section 15--15 of the Election Code authorizes the referendum.

We agree with Zack that his petition for judicial review met the statutory requirements for conferring subject matter jurisdiction on the circuit court. Section 10--10.1 of the Election Code required him to (1) file a challenging petition within 10 days of the Electoral Board's decision, (2) include in the petition a brief statement of the reasons for reversing the decision, (3) serve a copy of the petition upon the Electoral Board members and other necessary parties by registered or certified mail, and (4) file proof of service with the clerk of the court. See 10 ILCS 5/10--10.1 (West 2006); Hough v. Will County Board of Elections, 338 Ill. App. 3d 1092, 1094 (2003). There is no dispute

that Zack met these requirements. Thus, his compliance with the plain language of section 10--10.1 conferred subject matter jurisdiction on the circuit court.

The Otts suggest that the circuit court lacked subject matter jurisdiction because Zack did not meet an additional requirement of naming the Electoral Board members in the caption of his petition. The plain language of section 10--10.1 of the Election Code does not mandate a caption at all, let alone one that identifies particular parties. Our reading of section 10--10.1 reveals that the General Assembly intended for procedural due process to be accomplished by an objector serving the electoral board members with the petition by registered or certified mail. Apparently, the General Assembly believed that the additional task of naming the parties served was unnecessary. If the General Assembly had intended a caption requirement and the naming of the parties, it would have included them in section 10--10.1.

The Otts cite Johnson v. Theis, 282 Ill. App. 3d 966 (1996), for the proposition that an objector must name the electoral board members in the caption of the petition. Johnson was the principal proponent of a referendum question regarding the issuance of sewerage revenue bonds in the Village of East Dundee. He and other proponents of the referendum filed a mandamus action to compel the village clerk to certify the referendum question for placement on the ballot for an upcoming election. The electoral board sustained objections to the proposed referendum, and the plaintiffs amended the complaint to include allegations regarding the electoral board's decision. Johnson, 282 Ill. App. 3d at 967.

The circuit court rejected the mandamus claim, choosing instead to treat the complaint as a request for judicial review under section 10--10.1 of the Election Code. The circuit court held that the electoral board's action was invalid because it failed to comply with the notice requirements of section 10--10 of the Election Code. Accordingly, the circuit court reversed the electoral board's

decision and ordered that the referendum question be certified and placed on the ballot in the next election. Johnson, 282 Ill. App. 3d at 967.

On appeal, we held that the circuit court lacked jurisdiction to hear the plaintiffs' complaint, because they did not comply with section 10--10.1 in their challenge to the electoral board's decision. We emphasized that the plaintiffs did not file, within 10 days of the electoral board's decision, a second amended complaint to include a count seeking judicial review. We concluded that the circuit court's treatment of the plaintiffs' mandamus complaint as a request for judicial review was irrelevant because the court was "wholly without authority to do so" under section 10--10.1. Johnson, 282 Ill. App. 3d at 971.

In determining that the plaintiffs had not complied with section 10--10.1, we commented that "it [was] undisputed that the Electoral Board was never served or named as a party to the action." (Emphasis added.) Johnson, 282 Ill. App. 3d at 971. The Otts argue that we would not have commented on the plaintiffs' failure to name the electoral board members as parties unless the plaintiffs were required to do so to confer subject matter jurisdiction on the circuit court. We disagree. Our mention of the plaintiffs' failure to name the electoral board members as parties does not amount to the creation of a caption requirement that otherwise is absent from the statute. The plaintiffs in Johnson were noncompliant with section 10--10.1 because they failed to (1) submit their filing within 10 days of the electoral board's decision, (2) serve the complaint upon the electoral board by registered or certified mail, and (3) file proof of service with the clerk of the court. See 10 ILCS 5/10--10.1 (West 2006). Naming the electoral board members in the complaint would not have been improper, but it was not mandated by section 10--10.1.

The remaining cases that the Otts cite are distinguishable. In Russ v. Hoffman, 288 Ill. App. 3d 281 (1997), the Appellate Court, First District, held that an electoral board is a necessary party

to an action for judicial review under section 10--10.1 because the electoral board is the entity that made the decision from which the petitioner is seeking judicial review. Russ, 288 Ill. App. 3d at 283. Because the petitioner served only the secretary of the electoral board, rather than each of its members, the First District concluded that the circuit court lacked subject matter jurisdiction over the action. The court held that, "where petitioner is seeking review of a written decision signed by three individual members of the Electoral Board, he must name all three members in order to have jurisdiction over them." Russ, 288 Ill. App. 3d at 284. While the First District referred to naming parties rather than serving them, the unmistakable point of the opinion is that each member of an electoral board is a necessary party. In omitting the term "service," the Russ court certainly did not intend to hold that section 10--10.1 does not mandate service. The named-or-served distinction at issue in this case simply was not considered by the Russ court. Here, proper service on each of the members of the Electoral Board is not disputed.

In Bill v. Education Officers Electoral Board of Community Consolidated District No. 181, 299 Ill. App. 3d 548 (1998), the plaintiffs filed multiple petitions for judicial review within 10 days of the electoral board's decision. In both the caption and body of the petitions, the candidates and the electoral board were named and joined as defendants. However, the individual members of the electoral board were not named or joined as parties in the caption or in the body of the petitions. The plaintiffs served only one of the three members of the electoral board. Bill, 299 Ill. App. 3d at 550.

After restating the requirements of section 10--10.1, the First District commented that "[t]he signatures [of all of the electoral board members] in Russ were important because they were representative of those who participated in the electoral board's decision; however, appellants should be forewarned that the presence of signatures [on an electoral board's order] cannot solely be relied upon in determining who is a necessary party." Bill, 99 Ill. App. 3d at 552. Thus, the court did not

excuse the failure to individually serve electoral board members who had not signed the electoral board's written decision. Bill, 99 Ill. App. 3d at 553 (until the statute is changed to require that all board members affix their signatures to an order, "it becomes the burden of a plaintiff to go beyond the order to determine the necessary parties that need to be served"). Like Russ, Bill is distinguishable from this case, where all of the Electoral Board members were served individually.

The Otts also cite Kappel v. Errera, 164 Ill. App. 3d 673, 678 (1987), for the proposition that "a court does not obtain personal jurisdiction [by service on a] nonparty." However, subject matter jurisdiction, not personal jurisdiction, is at issue in this case. The circuit court's personal jurisdiction over the Electoral Board members might be relevant on remand, but we need not address the question here.

For the preceding reasons, the order of the circuit court of Kane County dismissing the petition for judicial review for lack of subject matter jurisdiction is reversed, and the cause is remanded for proceedings consistent with this disposition.

Reversed and remanded.

McLAREN and CALLUM, JJ., concur.