# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Langenstein v. Kassimali*, 2012 IL App (5th) 120343

---

| | |
|---|---|
| Appellate Court Caption | SHAREE LANGENSTEIN, Candidate of the Republican Party for the Office of Jackson County State's Attorney in the General Election to be held on November 6, 2012, Petitioner-Appellant, v. MAUREEN KASSIMALI and DeWITT McGRIFF, Objectors, JACKSON COUNTY OFFICERS ELECTORAL BOARD, and Its Members, MICHAEL WEPSIEC, LARRY REINHARDT, and ROBERT BURNS, All in Their Official Capacity as Jackson County State's Attorney, Jackson County Clerk, and Jackson County Sheriff, Respectively, Respondents-Appellees.–CHRISTINE WARD OSINGA, Candidate of the Republican Party for Jackson County Circuit Clerk in the General Election to be held on November 6, 2012, Petitioner-Appellant, v. CHRISTINA PORRITT and DeWITT McGRIFF, Objectors, JACKSON COUNTY OFFICERS ELECTORAL BOARD and Its Members, MICHAEL WEPSIEC, LARRY REINHARDT, and ROBERT BURNS, All in Their Official Capacity as Jackson County State's Attorney, Jackson County Clerk, and Jackson County Sheriff, Respectively, Respondents-Appellees.–WILLIAM J. "BILL" BURKE, Candidate of the Republican Party for Jackson County Board, District 3, in the General Election to be held on November 6, 2012, Petitioner-Appellant, v. CHRISTINA PORRITT and JAMES CLOUGH, Objectors, JACKSON COUNTY OFFICERS ELECTORAL BOARD and its Members, MICHAEL WEPSIEC, LARRY REINHARDT, and ROBERT BURNS, All in Their Official Capacity as Jackson County State's Attorney, Jackson County Clerk, and Jackson County Sheriff, Respectively, Respondents-Appellees. |
| District & No. | Fifth District<br>Docket Nos. 5-12-0343, 5-12-0346, 5-12-0347 cons. |
| Filed | August 23, 2012 |

| | |
|---|---|
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Appellants' service of their petitions for review of decisions of respondent electoral board finding appellants ineligible to appear on a ballot on the individual members of the board without serving the board separately was sufficient to satisfy section 10-10.1 of the Election Code and invoke the circuit court's subject matter jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Jackson County, Nos. 12-MR-135, 12-MR-136, 12-MR-138; the Hon. Todd D. Lambert, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Sharee S. Langenstein, of Law Office of Sharee S. Langenstein, of Murphysboro, for appellants.<br><br>Daniel Brenner, State's Attorney, of Murphysboro, and John R. Clemons and Michael Burke, both of Southern Illinois Law Center, of Carbondale, for appellees. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion.<br>Justice Wexstten concurred in the judgment and opinion.<br>Presiding Justice Donovan dissented, with opinion. |

## OPINION

¶ 1      In these three cases, consolidated by this court for argument and decision, appellants contest the decisions of the Jackson County Officers Electoral Board (Board) that appellants are ineligible to appear on the ballot for the general election on November 6, 2012. For the reasons that follow, we disagree with the circuit court of Jackson County's decision that the appellants failed to comply with the procedures necessary to invoke the court's jurisdiction over the decisions of the Board. Accordingly, we reverse the circuit court's decision and remand for further proceedings.

¶ 2 On June 11, 2012, objectors Maureen Kassimali and DeWitt McGriff filed an objection with the Board to the petition for candidacy of Sharee Langenstein. Langenstein sought nomination as the Republican candidate for State's Attorney of Jackson County in the general election to be held on November 6, 2012. On that same date, objectors Christina Porritt and McGriff filed an objection to the petition for candidacy of Christine Ward Osinga, who sought nomination as the Republican candidate for circuit clerk in the same general election. Porritt, along with objector James Clough, also filed an objection to the petition for candidacy of William J. "Bill" Burke, who sought nomination as the Republican candidate for Jackson County Board, District 3, also in the same general election.

¶ 3 On June 18, 2012, the Board convened to hold hearings on all objections. Following the hearings, the Board issued written decisions in which it sustained, in part, the objections to the candidacies of Langenstein, Osinga, and Burke (appellants), thereby determining that appellants would not be placed on the ballot for the general election. Appellants filed timely petitions for judicial review. The petitions were served upon the individual members of the Board, but were not served upon the Board itself as a separate legal entity. Objectors moved to dismiss the petitions for judicial review, contending that the Board had not been properly served with the petitions, and that therefore the trial court was without jurisdiction to hear the petitions. The court agreed and dismissed the petitions with prejudice. Appellants appeal, contending the court erred in dismissing their petitions because providing ballot access should be the primary concern and removal of a candidate from a ballot should only be done in the most egregious of circumstances. Appellants argue that personal service upon the individual members of the Board constituted service on the Board itself within the intendment of the Illinois Election Code (10 ILCS 5/10-10.1 (West 2010)).

¶ 4 We begin our analysis by noting that courts in Illinois possess no inherent authority to resolve disputes relating to elections. Our authority is derived strictly by statute. *Zack v. Ott*, 381 Ill. App. 3d 545, 548, 886 N.E.2d 487, 489 (2008). Accordingly, the requirements mandated on a party seeking judicial review of an electoral board's decision as provided in the Election Code are jurisdictional requirements that must be followed. *Id.* at 548, 886 N.E.2d at 489; *Rita v. Mayden*, 364 Ill. App. 3d 913, 917, 847 N.E.2d 578, 581 (2006). Whether any court is deprived of subject matter jurisdiction by a petitioner's alleged failed compliance with the requirements of the Election Code is a question of law and, as such, is reviewed *de novo*. *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 83, 907 N.E.2d 400, 404 (2009).

¶ 5 Objectors argue that the appellants' petitions for judicial review were only served on the individual members of the Board, and not on the Board as a separate legal entity. According to the objectors, the appellants failed to strictly comply with the language of section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2010)), which requires that a petition for judicial review be served upon "the electoral board." Therefore, they conclude that the circuit court did not have jurisdiction to review the electoral board's decision. In response, the appellants argue that service on the individual board members was sufficient to satisfy the statutory requirements of section 10-10.1 because nothing in the Election Code suggests that the county election board exists beyond its individual members or that separate, duplicative service must be made upon the entity *and* its members. We agree with the appellants.

¶ 6 Section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2010)) sets forth the following requirements for service of the petition for review: "The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail ***." According to section 10-9(2) of the Election Code (10 ILCS 5/10-9(2) (West 2010)), the county electoral board is comprised of the following members: the county clerk or an assistant designated by the county clerk, the State's Attorney of the county or an assistant State's Attorney designated by the State's Attorney, and the clerk of the circuit court or an assistant designated by the circuit court clerk. Further, section 10-9(2) designates the county clerk or his designee as the chairman of the county electoral board.

¶ 7 In this case, the Board is a temporary entity convened for a particular purpose and then dissolved once that purpose has been realized. Therefore, in order for the appellants to serve the Board with their petitions for review, they would be required to serve the Jackson County clerk. The appellants served the petitions upon the individual members of the Board, which included the county clerk (in his individual capacity as a board member). Because the appellants served the petitions for review on the members of the county election board designated under section 10-9, we find that the requirements of section 10-10.1 have been followed. Accordingly, we conclude that the circuit court had subject matter jurisdiction to consider the appellants' petitions for review.

¶ 8 We recognize that the objectors cited *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 87, 907 N.E.2d 400, 407 (2009), a First District case, for the proposition that failure to serve a petition for judicial review upon an electoral board as a separate legal entity is tantamount to a failure to strictly comply with the Election Code, depriving both the trial and appellate courts of subject matter jurisdiction to review the decision of the electoral board. However, we decline to follow the reasoning of *Nelson* as we are not required to recognize horizontal *stare decisis*.

¶ 9 Further, we note that *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, 956 N.E.2d 20, another First District case, also held that the challenging party must serve the electoral board as a separate legal entity in order to satisfy the requirements of section 10-10.1. However, *Rivera* is clearly distinguishable. In *Rivera*, 2011 IL App (1st) 110283, ¶ 33, 956 N.E.2d 20, the court concluded that it lacked subject matter jurisdiction because the petitioner failed to show that he had sent the parties a copy of his petition "by registered or certified mail" and because he improperly served the board members' attorney. The court stated that "in the context of election cases, service to a party's attorney, rather than to a party personally, is entirely improper under the Code and directly violates section 10-10.1." *Id.*

¶ 10 The Second District's decision in *Zack v. Ott*, 381 Ill. App. 3d 545, 886 N.E.2d 487 (2008), bolsters our position. In *Zack*, the court stated the following:

"Our reading of section 10-10.1 reveals that the General Assembly intended for procedural due process to be accomplished by an objector serving the electoral board members with the petition by registered or certified mail. Apparently, the General Assembly believed that the additional task of naming the parties served was unnecessary.

-4-

If the General Assembly had intended a caption requirement and the naming of the parties, it would have included them in section 10-10.1." *Id.* at 550-51, 886 N.E.2d at 491.

¶ 11 Here, procedural due process was accomplished by "serving the electoral board members with the petition." The petitioners properly served the individual members of the Board, including the county clerk in his individual capacity as a board member. Like *Zack*, we conclude that the petitioners' serving of duplicate papers to the county clerk, in order to serve the board separately, was unnecessary to invoke the subject matter jurisdiction of the court.

¶ 12 Last, we note that our decision is consistent with the strong public policy that Illinois courts favor ballot access for candidates who wish to run for public office.

¶ 13 For the foregoing reasons, we conclude that the circuit court incorrectly held it did not have subject matter jurisdiction over appellants' challenges to the Board's decisions. Accordingly, the judgment of the circuit court of Jackson County is reversed and the mandate shall issue immediately.

¶ 14 Reversed and remanded.

¶ 15 PRESIDING JUSTICE DONOVAN, dissenting.

¶ 16 While I agree that public policy favors ballot access, that does not mean that we are to bend the law to allow such access. Personal service upon the individual members of the Board does not constitute service on the Board itself within the intendment of the Illinois Election Code (10 ILCS 5/10-10.1 (West 2010)). As the majority points out, our authority to resolve disputes relating to elections is derived strictly by statute. A party seeking judicial review of an electoral board's decision therefore must strictly follow the mandates set forth in the Election Code in order to confer jurisdiction upon us or any court of review. *Rita v. Mayden*, 364 Ill. App. 3d 913, 917, 847 N.E.2d 578, 581 (2006).

¶ 17 The language of section 10-10.1 of the Illinois Election Code (10 ILCS 5/10-10.1 (West 2010)) requires that a petition for judicial review be served upon "the electoral board." The electoral board is a separate legal entity, and as such, it too needed to be served in this instance. As recognized in *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, 956 N.E.2d 20, "in accordance with the well-established rules of strict compliance with the Code, petitioner must have strictly followed the service requirement of section 10-10.1, which prescribes who must be served, how they must be served and when they must be served with his petition for judicial review. *** Clearly, from the statutory language, this includes the Board itself, as the entity that issued the decision which the petitioner seeks to challenge." *Rivera*, 2011 IL App (1st) 110283, ¶¶ 23-24, 956 N.E.2d 20; see also *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 87, 907 N.E.2d 400, 407 (2009). Neither *Nelson* nor *Rivera* has been overruled by the Illinois Supreme Court, or called into question by any subsequent decision, nor has the General Assembly amended the Election Code in response to either decision. As stated in *Harvey Firemen's Ass'n v. City of Harvey*, 75 Ill. 2d 358, 389 N.E.2d 151 (1979), " 'It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed

legislative intent.' " *Harvey Firemen's Ass'n*, 75 Ill. 2d at 363, 389 N.E.2d at 153 (quoting *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764 (1970)).

¶ 18    The majority cites *Zack v. Ott*, 381 Ill. App. 3d 545, 548, 886 N.E.2d 487, 489 (2008), in support of its opinion. It is true that the *Zack* court, when listing the four requirements of section 10-10.1, stated that the petition for judicial review must be served upon, *inter alia*, "the Electoral Board members," rather than upon "the electoral board" that is explicitly mentioned in section 10-10.1. However, as the *Nelson* court points out, the *Zack* court was concerned with the question of whether section 10-10.1 requires naming an electoral board as a party in the caption for jurisdictional purposes, and was not concerned with the question of service of process. *Nelson*, 389 Ill. App. 3d at 87, 907 N.E.2d at 407. Accordingly, I believe that the *Zack* opinion is inapposite to the case at bar.

¶ 19    Given the language of the Election Code and our limited jurisdiction, I must conclude that appellants failed to strictly comply with the Election Code by not serving their petitions for judicial review upon the Board itself as a separate legal entity, and as a result, we have no jurisdiction to consider the petitions for judicial review. I therefore believe the instant appeals must be dismissed.