# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Bettis v. Marsaglia*, 2013 IL App (4th) 130145

---

| | |
|---|---|
| Appellate Court Caption | CAROLYN BETTIS, Plaintiff-Appellant, v. CHARLES M. MARSAGLIA and MELISSA O'NEAL, Objectors; STEPHEN FURMAN, Electoral Board Chairperson; ROBYN HAYS, Electoral Board Secretary; and FARLEY COLE, Electoral Board Member, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-13-0145 |
| Filed | November 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although plaintiff's petition for judicial review of an electoral board's dismissal of her petition to submit a proposition to the voters of a school district regarding the district's issuance of working cash bonds was moot because the election specified in her petition had been held, the appeal was considered under the public-interest exception to the mootness doctrine, and the dismissal was upheld on the ground that plaintiff's failure to comply with the explicit requirement of section 10-10.1(a) of the Election Code that the board be served with her petition for judicial review as a separate legal entity deprived the trial court of subject-matter jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Macoupin County, No. 13-MR-14; the Hon. Patrick J. Londrigan, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Vince Moreth, of Carlinville, for appellant. |
|---|---|
| | Robert Kohn and Steven M. Richart, both of Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP, of Arlington Heights, for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Appleton and Pope concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff, Carolyn Bettis, filed a petition for judicial review of a decision of the Education Officers Electoral Board (Electoral Board) for North Mac Community Unit School District No. 34, Macoupin, Montgomery and Sangamon Counties, Illinois (School District), pursuant to section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2012)). On the motion of defendants Charles M. Marsaglia and Melissa O'Neal, the circuit court dismissed plaintiff's petition pursuant to section 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619 (West 2012)). Plaintiff appeals, arguing the court erred by granting defendants' motion to dismiss. We affirm.

¶ 2                              I. BACKGROUND

¶ 3    On January 28, 2013, plaintiff filed her petition for judicial review of the Electoral Board's decision in the circuit court. She alleged the Electoral Board erroneously sustained objections to petitions she submitted to the School District, which sought to submit a proposition to voters on the April 9, 2013, ballot regarding the School District's issuance of $2 million in working cash bonds. Plaintiff asserted the objections were filed by defendants Marsaglia and O'Neal on the basis that her petitions were unnumbered and not appropriately bound. She asked that the court reverse the Electoral Board's decision as being against the manifest weight of the evidence.

¶ 4    In the caption of her petition, plaintiff expressly named only Marsaglia and O'Neal as opposing parties. However, she filed a certificate of service with her petition and the record reflects copies of the petition were sent by certified mail to eight individuals, including Marsaglia; O'Neal; and the three members of the Electoral Board, Stephen Furman, Robyn Hays, and Farley Cole.

¶ 5    On February 5, 2013, defendants filed their motion to dismiss plaintiff's petition, arguing the circuit court lacked subject-matter jurisdiction because plaintiff failed to name and join the Electoral Board and its members as parties to the proceedings as required by section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2012)). On February 7, 2013, the

court conducted a hearing in the matter and granted defendants' motion to dismiss.

¶ 6        This appeal followed.

¶ 7                                II. ANALYSIS

¶ 8        Initially on appeal, we address defendants' claim that plaintiff's appeal should be dismissed as moot. They contend no actual controversy exists where plaintiff's petition to submit a proposition to voters specified the April 9, 2013, election and that election has passed.

¶ 9        Generally, a reviewing court will not decide moot questions and a case that is moot will be dismissed on appeal. *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 15, 956 N.E.2d 20. "A case is moot when it presents no actual controversy or when the legal issue involved has ceased to exist." *Rivera*, 2011 IL App (1st) 110283, ¶ 15, 956 N.E.2d 20. The conclusion of an election cycle normally renders an election contest moot. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 43, 975 N.E.2d 583; see also *Rivera*, 2011 IL App (1st) 110283, ¶ 16, 956 N.E.2d 20. However, a reviewing court may address an otherwise moot issue pursuant the public-interest exception to the mootness doctrine. *Rivera*, 2011 IL App (1st) 110283, ¶ 17, 956 N.E.2d 20. "The public interest exception *** allows a court to reach the merits of a case which would otherwise be moot if the question presented is of a public nature, an authoritative resolution of the question is desirable for the purpose of guiding public officers, and the question is likely to recur." *Jackson*, 2012 IL 111928, ¶ 44, 975 N.E.2d 583.

¶ 10        Here, we agree that plaintiff's appeal is moot. Her petition to submit a proposition to voters regarding the School District's issuance of $2 million in working cash bonds specified the April 9, 2013, election and that election has passed. However, we also find this case meets the requirements of the public-interest exception and choose to address the merits of plaintiff's appeal. We note a question of election law is inherently a matter of public concern. *Jackson*, 2012 IL 111928, ¶ 44, 975 N.E.2d 583. Additionally, this case presents questions for which an authoritative resolution is desirable because, not only have the issues involved not been previously addressed by this appellate district, but there is disagreement as to the resolution of the issues among the other appellate districts.

¶ 11        Finally, we find the questions presented by plaintiff's appeal are likely to recur. Defendants argue this case is incapable of repetition because the Election Code has been amended so that the County Officers Electoral Board, rather than the Educational Officers Electoral Board, would address the issues raised by plaintiff's underlying action. See Pub. Act 98-115, § 5 (eff. July 29, 2013) (amending 10 ILCS 5/10-9 (West 2012)). However, section 10-10.1(a) of the Election Code continues to govern petitions for judicial review of any electoral board decision and was unchanged by recent amendments. The same issues presented by this appeal could have occurred no matter which electoral board presided over the underlying proceedings.

¶ 12        On appeal, plaintiff argues the circuit court erred in dismissing her petition for judicial review for lack of subject-matter jurisdiction. She contends she met the express requirements of section 10-10.1(a) of the Election Code, which sets forth the procedures for seeking

judicial review of an electoral board decision, and maintains that naming the Electoral Board in the caption of her petition was not required by section 10-10.1(a) to establish subject-matter jurisdiction. Plaintiff cites the Second District's decision in *Zack v. Ott*, 381 Ill. App. 3d 545, 886 N.E.2d 487 (2008), to support her position and argues the cases cited by defendants are inapposite.

¶ 13    "Where *** judicial review of an electoral board's decision is sought pursuant to section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2010)), the proceeding is in the nature of administrative review." *Jackson*, 2012 IL 111928, ¶ 46, 975 N.E.2d 583. "[W]hether a court has subject matter jurisdiction over issues resulting from a petitioner's alleged failure to comply with the [Election] Code is a question of law that *** requires *de novo* review." *Rivera*, 2011 IL App (1st) 110283, ¶ 19, 956 N.E.2d 20.

¶ 14    "Illinois courts do not have general jurisdiction over election cases, but may only review them pursuant to statute, namely, sections 10-10 and 10-10.1 of the [Election] Code." *Rivera*, 2011 IL App (1st) 110283, ¶ 20, 956 N.E.2d 20; see also *Pullen v. Mulligan*, 138 Ill. 2d 21, 32, 561 N.E.2d 585, 589 (1990) ("Courts have no inherent power to hear election contests, but may do so only when authorized by statute and in the manner dictated by statute."). "Accordingly, the requirements mandated upon the parties as provided in [the Election Code] are jurisdictional requirements that must be followed." *Rivera*, 2011 IL App (1st) 110283, ¶ 20, 956 N.E.2d 20. The failure to strictly comply with section 10-10.1's requirements "invites dismissal for lack of subject matter jurisdiction under section 2-619 of the [Civil] Code." *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 86-87, 907 N.E.2d 400, 407 (2009).

¶ 15    Section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2012)) provides as follows:

> "[A] candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court."

Courts interpreting section 10-10.1(a) have found that a petitioner must satisfy four explicit jurisdictional prerequisites to obtain judicial review of an electoral board decision, including that the petitioner "must (1) file his challenging petition with the clerk of the court within five days after the Board's service of its decision; (2) serve copies of the petition on the Board and the other parties to the proceedings by registered or certified mail within five days after the Board's service of its decision; (3) state in that petition why the Board's decision should be reversed; and (4) file proof of service with the clerk of the court." *Rivera*, 2011 IL App (1st) 110283, ¶ 22, 956 N.E.2d 20; see also *Nelson*, 389 Ill. App. 3d at 86, 907 N.E.2d

-4-

at 406-07; *Zack*, 381 Ill. App. 3d at 550, 886 N.E.2d at 491; *Allord v. Municipal Officers Electoral Board*, 288 Ill. App. 3d 897, 901, 682 N.E.2d 125, 128 (1997).

¶ 16　　In *Zack*, 381 Ill. App. 3d at 550, 886 N.E.2d at 491, the Second District held section 10-10.1's plain language did "not mandate a caption at all, let alone one that identifies particular parties." In that case, the respondents argued the circuit court lacked subject-matter jurisdiction because the petitioner failed to name the Electoral Board's members in the caption of his petition. *Zack*, 381 Ill. App. 3d at 550, 886 N.E.2d at 491. However, the Second District noted there was no dispute that the petitioner met the express requirements of section 10-10.1 and "proper service on each of the members of the Electoral Board [was] not disputed." *Zack*, 381 Ill. App. 3d at 550-52, 886 N.E.2d at 491-92. The court further reasoned as follows:

"Our reading of section 10-10.1 reveals that the General Assembly intended for procedural due process to be accomplished by an objector serving the electoral board members with the petition by registered or certified mail. Apparently, the General Assembly believed that the additional task of naming the parties served was unnecessary. If the General Assembly had intended a caption requirement and the naming of the parties, it would have included them in section 10-10.1." *Zack*, 381 Ill. App. 3d at 550-51, 886 N.E.2d at 491.

¶ 17　　In reaching its decision, the Second District distinguished two cases defendants now rely upon to support their position on appeal, *Russ v. Hoffman*, 288 Ill. App. 3d 281, 681 N.E.2d 519 (1997), and *Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181*, 299 Ill. App. 3d 548, 701 N.E.2d 262 (1998). *Zack*, 381 Ill. App. 3d at 552, 886 N.E.2d at 492-93. It pointed out that both *Russ* and *Bill* involved a lack of service upon necessary electoral board members, an issue not present in the case before it. *Zack*, 381 Ill. App. 3d at 552-53, 886 N.E.2d at 492-93. On appeal, defendants cite a third case to support their position, *Allord*, 288 Ill. App. 3d 897, 682 N.E.2d 125. However, that case is similarly distinguishable from *Zack*, in that it also involved a lack of service on necessary parties. *Allord*, 288 Ill. App. 3d at 901, 682 N.E.2d at 128-29.

¶ 18　　Here, we agree with the Second District's decision in *Zack*. Clearly, the requirements of section 10-10.1(a) are jurisdictional and must be complied with by a petitioner seeking judicial review of an electoral board decision. Naming necessary parties in the petition is not a requirement of section 10-10.1(a), and the cases cited by defendants in opposition to the holding in *Zack* are distinguishable in that each of those cases, *Russ*, *Bill*, and *Allord*, involved a lack of appropriate service on necessary parties.

¶ 19　　Defendants further argue that proceedings under the Election Code are substantially the same as those under the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2012)). They point out that this court has held that the Administrative Review Law requires, as a jurisdictional prerequisite, that an administrative agency and its members be named in the caption of a complaint for administrative review. See *Associated General Contractors of Illinois v. Chun*, 245 Ill. App. 3d 750, 756, 615 N.E.2d 386, 391 (1993). Although we agree that proceedings under the Election Code are in the nature of administrative review, we disagree that the Administrative Review Law applies to section 10-10.1(a).

-5-

¶ 20    The Administrative Review Law only applies where it is adopted by express reference in the act creating or conferring power upon the administrative agency involved and "there exists no *** express language indicating that the Administrative Review Law should apply to the judicial review of Electoral Board decisions." *Bill*, 299 Ill. App. 3d at 554, 701 N.E.2d at 266. Where the legislature has intended for the Administrative Review Law to apply to proceedings under the Election Code it has made an express reference to that statute. See 10 ILCS 5/10-10.1(b) (West 2012) (providing that the Administrative Review Law applies to proceedings for judicial review of decisions of the State Board of Elections involving petitions filed under the Property Tax Code). Moreover, we note it was logical for this court to determine in *Associated General* that the naming of an administrative agency and its members in the caption of a complaint for administrative review was necessary under the Administrative Review Law because the Administrative Review Law contains such *express* requirements. See 735 ILCS 5/3-107 (West 2012). However, section 10-10.1(a) contains no similar express requirements.

¶ 21    On appeal, defendants additionally argue plaintiff's request for judicial review was deficient in several other respects. Specifically, they contend plaintiff failed to (1) include the legal name of the Electoral Board in her petition, (2) identify the Electoral Board members in her petition, (3) include a copy of the Electoral Board's written decision in her filings, (4) quote text from the Electoral Board's decision in her petition, (5) identify the roles or titles of any of the persons and/or entities being served, and (6) include any summons in her filings. Again, we point out that, to confer subject-matter jurisdiction on the circuit court, plaintiff had to meet only the requirements of section 10-10.1(a) of the Election Code. The majority of the deficiencies alleged by defendants were neither set forth in section 10-10.1(a) as requirements nor were they necessary to confer jurisdiction on the court.

¶ 22    However, as stated, section 10-10.1(a) does expressly require that a petitioner "serve a copy of the petition upon the electoral board and other parties." As defendants' indicate, plaintiff did not identify the Electoral Board as having been served with a copy of her petition for judicial review. Instead, her certificate of service states only that eight individuals were served, including Marsaglia, O'Neal, the three members of the Electoral Board, two attorneys involved in the case, and a witness who appeared in the underlying proceedings.

¶ 23    A review of applicable case authority reveals disagreement among the appellate districts as to whether service on an electoral board as a separate legal entity is necessary or whether service on electoral board members is sufficient to comply with the requirements of section 10-10.1(a). In *Nelson*, 389 Ill. App. 3d at 87, 907 N.E.2d at 407, the First District held that "[t]here can be no doubt that section 10-10.1 requires service of the Board" and the Election Code "requires that service must be effected on *both* the Board as the entity making the decision and its members who voted on the decision to obtain jurisdiction over them." (Emphasis in original.) In so holding, the court rejected arguments that service on electoral board members was sufficient or that service on an electoral board may be impossible because it is a temporary entity. *Nelson*, 389 Ill. App. 3d at 87-88, 907 N.E.2d at 407-08. The court noted the Election Code details who comprises an electoral board and where and when it must meet. *Nelson*, 389 Ill. App. 3d at 88, 907 N.E.2d at 408. Specifically, the Electoral Board at issue in that case, the Municipal Officers Electoral Board, "conduct[ed] its business

-6-

at the City of Calumet City building and the Board [could have been] served there by filing with the city clerk." *Nelson*, 389 Ill. App. 3d at 88, 907 N.E.2d at 408.

¶ 24 The First District reached the same conclusion in *Rivera*, 2011 IL App (1st) 110283, ¶ 24, 956 N.E.2d 20. There the court held that the statutory language clearly required service upon "the Board itself, as the entity that issued the decision which the petitioner seeks to challenge." *Rivera*, 2011 IL App (1st) 110283, ¶ 24, 956 N.E.2d 20.

¶ 25 Conversely, in *Langenstein v. Kassimali*, 2012 IL App (5th) 120343, ¶ 7, 975 N.E.2d 340, the Fifth District held that where petitions for review had been served upon electoral board members, the requirements of section 10-10.1(a) have been followed. The court expressly chose not to follow *Nelson*, finding an electoral board was a temporary entity and "serving of duplicate papers to the county clerk, in order to serve the board separately, was unnecessary to invoke the subject matter jurisdiction of the court." *Langenstein*, 2012 IL App (5th) 120343, ¶¶ 7-11, 975 N.E.2d 340. Additionally, the court found its decision was bolstered by *Zack*, quoting language from that decision that " 'the General Assembly intended for procedural due process to be accomplished by an objector serving the electoral board members with the petition by registered or certified mail.' " *Langenstein*, 2012 IL App (5th) 120343, ¶ 10, 975 N.E.2d 340 (quoting *Zack*, 381 Ill. App. 3d at 550, 886 N.E.2d at 491). See also *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 17, 977 N.E.2d 298 (citing *Langenstein* for the proposition that it was unnecessary to make duplicate service of a petition for judicial review under section 10-10.1(a)).

¶ 26 We agree with the First District's holdings in *Nelson* and *Rivera* and find section 10-10.1(a) of the Election Code clearly requires service on an electoral board as a separate legal entity. As expressed by the dissenting justice in *Langenstein*, the plain language of section 10-10.1(a) "requires that a petition for judicial review be served upon 'the electoral board.' " *Langenstein*, 2012 IL App (5th) 120343, ¶ 17, 975 N.E.2d 340 (Donovan, P.J., dissenting). Additionally, as further noted by the dissent, the Second District's decision in *Zack* was not supportive of the ultimate holding in *Langenstein* as *Zack* "was concerned with the question of whether section 10-10.1 requires naming an electoral board as a party in the caption for jurisdictional purposes, and *** not *** with the question of service of process." *Langenstein*, 2012 IL App (5th) 120343, ¶ 18, 975 N.E.2d 340 (Donovan, P.J., dissenting).

¶ 27 Here, plaintiff was required to strictly comply with the requirements of section 10-10.1(a) of the Election Code when seeking judicial review of the Electoral Board's decision. Although naming the Electoral Board and its members in the caption of her petition is not expressly mandated by section 10-10.1(a), service of the petition on the Electoral Board is an explicit requirement. In this instance, the record failed to show plaintiff served the Electoral Board, as a separate legal entity, with her petition for judicial review. As a result, the circuit court committed no error in granting defendants' motion to dismiss her petition.

¶ 28                                III. CONCLUSION

¶ 29 For the reasons stated, we affirm the circuit court's judgment.

¶ 30 Affirmed.