SIXTH DIVISION
March 16, 2006

No. 1-06-0458

| | | |
|---|---|---|
| JOHN RITA, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, County |
| Petitioner-Appellee, | ) | Department, County Division |
| | ) | |
| v. | ) | No. 06 COEL 05 |
| | ) | |
| MICHAEL MAYDEN (THE COACH), | ) | The Honorable |
| DANIEL MADDEN, MARY SCARLETT | ) | Nathaniel Howse, Jr., |
| WILSON, MARY MELCHOR, DAVID | ) | Judge Presiding. |
| ORR, as Cook County Clerk, and THE | ) | |
| CHICAGO BOARD OF ELECTION | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |
| (MICHAEL E. MAYDEN, | ) | |
| | ) | |
| Respondent-Appellant; | ) | |
| | ) | |
| DAVID ORR, as Cook County Clerk; | ) | |
| DANIEL P. MADDEN, and MARY | ) | |
| MELCHOR, as Designees of the Cook | ) | |
| County Clerk to the Cook County Officers | ) | |
| Electoral Board; MARY WILSON, as | ) | |
| Designee of the Cook County State's | ) | |
| Attorney to the Cook County Officers | ) | |
| Electoral Board; LANGDON NEAL, | ) | |
| THERESA PETRONE, and RICHARD | ) | |
| COWEN, as members of the Chicago Board | ) | |
| of Election Commissioners, | ) | |
| | ) | |
| Respondents-Appellees). | ) | |
| | ) | |

JUSTICE O'MALLEY delivered the opinion of the court:

No. 1-06-0458

Appellant Michael E. Mayden appeals from a decision of the Circuit Court of Cook County denying his Section 2--619 motion to dismiss, (735 ILCS 5/2--619(a)(1) (West 2004)), reversing a decision of the Cook County Officers Electoral Board ("the Board"), and entering an order striking Mayden's name from the ballot for the March 21, 2006, primary election.[1] For the reasons that follow, we affirm the judgment of the Circuit Court of Cook County.

BACKGROUND

On December 12, 2005, Michael Mayden filed nominating papers with the Illinois State Board of Elections, seeking candidacy for the Democratic nomination to the Illinois House of Representatives, 28th Representative District. In both his nominating petitions and his Statement of Candidacy, Mayden listed his name as "MICHAEL E. MAYDEN (THE COACH)."

On December 19, 2005, John Rita, the incumbent Democratic candidate for the aforementioned House seat, filed an Objector's Petition with the Illinois State Board of

---

[1] While this appeal has been pending, voters in Cook County have been permitted to vote in advance of the March 21, 2006, primary election. The Cook County Clerk informed this court that during this period of early voting, Mayden has remained on the ballot, listed as "MICHAEL E. MAYDEN ("THE COACH")."

Elections. Rita alleged, *inter alia*, that Mayden violated Section 8--8.1 of the Illinois Election Code ("the Code") regarding the designation of a candidate's name on the nominating petitions. 10 ILCS 5/8--8.1 (West 2004). Rita's petition also alleged that Mayden's nominating papers were otherwise deficient; those other allegations are not before this court.

On January 6, 2006, the Cook County Officers Electoral Board ("the Board") convened a hearing to address Rita's petition. The Electoral Board members sitting at that time were Daniel Madden, Michael Prinzi, and Mary Melchor. The Board, again consisting of the same three individuals, conducted a second hearing on January 12, 2006. At these hearings, Mayden submitted pleadings which set forth his arguments as to why, in his view, it was appropriate for his nominating papers to contain the designation "THE COACH" after his given name. It is undisputed that Mayden has for years volunteered as a baseball coach and that some community members refer to him as "the Coach" as a result of this volunteer work.

The Board conducted yet another hearing on Rita's petition on January 30, 2006. This time, however, the Board consisted of Daniel Madden, Mary Scarlett Wilson, and Mary Melchor; Michael Prinzi took no part in this hearing. On February 6, 2006, the Board, consisting of the same individuals who conducted the January 30 hearing, denied Rita's petition and found that Mayden's use of the designation "THE COACH" on his nominating petitions did not violate Section 8--8.1 of the Election Code. 10 ILCS 5/8--8.1.

On February 10, 2006, Rita filed a Petition for Judicial Review of the Electoral Board's decision in the Circuit Court of Cook County. Rita's petition named, and Rita served, Michael E. Mayden, Daniel Madden, Mary Scarlett Wilson, Mary Melchor, Cook County Clerk David Orr,

3

No. 1-06-0458

and the members of the Chicago Board of Election Commissioners as parties. The petition did not, however, name and Rita did not serve Cook County State's Attorney Richard A. Devine, Clerk of the Circuit Court of Cook County Dorothy Brown, or Assistant State's Attorney Michael Prinzi as parties.

Mayden filed a motion to dismiss Rita's Petition for Judicial Review for lack of jurisdiction pursuant to Section 2--619 of the Illinois Code of Civil Procedure, 735 ILCS 5/2--619(a)(1), arguing that the circuit court lacked subject-matter jurisdiction over the case because Rita had not served necessary parties. Specifically, Mayden argued that sections 9(2) and 10.1 of the Illinois Election Code, 10 ILCS 5/10--9(2), --10.1, required Rita to name Richard Devine, Dorothy Brown, and Michael Prinzi as parties. Mayden also submitted pleadings that explained why, in his view, his use of the designation "THE COACH" was permissible under Section 8--8.1 of the Code. The circuit court denied Mayden's motion to dismiss, asserted its jurisdiction, reviewed the decision of the Electoral Board *de novo*, and further found that the designation "THE COACH" violated Section 8--8.1 of the Election Code. As a remedy, the court ordered that Mayden's name be struck from the ballot.

On appeal, Mayden argues that the circuit court lacked jurisdiction over the instant dispute because Rita failed to name all necessary parties to the litigation. He further argues that the circuit court erred by reviewing the Board's decision *de novo* rather than with the deference required when reviewing a "mixed questions of law and fact," and that his use of the designation "THE COACH" on his nominating papers did not violate Section 8--8.1 of the Election Code.

ANALYSIS

4

No. 1-06-0458

Illinois courts do not possess "inherent authority" to resolve disputes concerning elections; courts exercise their jurisdiction over such cases only as provided by statute. Allord v. Municipal Officers Electoral Board for the Village of South Chicago Heights, 288 Ill. App. 3d 897, 900 (1997) (citing several cases so holding). If the party seeking judicial review of an electoral board's decision fails to comply strictly with the statutory procedures, Illinois courts cannot invoke their jurisdiction. Allord, 288 Ill. App. 3d at 900, citing Fredman Brothers Furniture Co. v. Department of Revenue, 109 Ill. 2d 202, 210 (1985). Section 10--10.1 of the Illinois Election Code describes those procedures as follows:

> "Except as otherwise provided in this Section, a candidate or objector
> aggrieved by the decision of an electoral board may secure judicial review of such
> decision in the circuit court of the county in which the hearing of the electoral
> board was held. The party seeking judicial review must file a petition with the
> clerk of the court within 10 days after the decision of the electoral board. The
> petition shall contain a brief statement of the reasons why the decision of the
> board should be reversed. The petitioner shall serve a copy of the petition upon
> the electoral board and other parties to the proceeding by registered or certified
> mail and shall file proof of service with the clerk of the court." 10 ILCS
> 5/10--10.1 (emphasis added).

Mayden does not allege that Rita's service was untimely, in improper form, or conducted in an improper method. Instead, Mayden asserts that Rita failed to serve all necessary parties. There is no question that Rita named and served candidate Mayden, each of the individual Board

5

No. 1-06-0458

members who voted on the underlying order, and the members of the Chicago Board of Election

Commissioners. See Allord, 288 Ill. App. 3d 903--04 (the necessary parties are the candidate

and the individual Electoral Board members). Mayden interprets the Code as making the Cook

County Clerk, the Cook County State's Attorney, the Clerk of the Cook County Circuit Court,

and any designee who served at a Board proceeding considering a petition, such as Assistant

State's Attorney Michael Prinzi, as being necessary parties. Mayden argues that Rita's failure to

name these individuals as parties denied Illinois courts jurisdiction over the instant dispute.[2]

Section 10--9(2) of the Illinois Election Code describes the makeup of county electoral

boards, in relevant part, as follows:

"The county officers electoral board to hear and pass upon objections to

the nominations of candidates for county offices, for * * * legislative * * * offices

of a district * * * shall be composed of the county clerk, or an assistant designated

_____

[2]Although we find that the county elected officials are not necessary parties to the instant

case, we note that Rita's "Notice of Filing and Motion" of his Petition for Judicial Review

specifically mentions "DAVID D. ORR, in his official capacity as Cook County Clerk," as being

a party to the case. This same notice also provides that Mr. Orr was properly served with notice.

6

by the county clerk, the State's attorney of the county or an Assistant State's

Attorney designated by the State's Attorney, and the clerk of the circuit court, or

an assistant designated by the clerk of the circuit court, of the county, of whom

the county clerk or his designee shall be the chairman * * * ."  10 ILCS 5/10-9(2).

The cardinal rule of statutory construction is to ascertain and give effect to the

true intent of the legislature.  See People v. Alexander, 204 Ill. 2d 472, 485 (2003).  The

starting point in ascertaining the legislature's intent is the language of the statute itself.

Serwinski v. Board of Election Commissioners, 156 Ill. App. 3d 257, 259 (1987).  We interpret

the Election Code, like all statutes, in a way that gives meaning to all of the language in the

statute.  Allord, 288 Ill. App. 3d at 903 (noting that "[a] statute cannot be read in a manner that

ignores or reduces its language to meaningless surplusage"), citing In re Application of County

Collector of Kane County, 132 Ill. 2d 64, 72 (1989).  The Code provides that an electoral board

consists of the "county clerk, or an assistant designated by the county clerk, the State's attorney

of the county or an Assistant State's Attorney designated by the State's Attorney, and the clerk of

the circuit court, or an assistant designated by the clerk of the circuit court."  10 ILCS 5/10-9(2)

(emphasis added).  Mayden's interpretation of Section 10--9(2), making the county clerk, the

State's attorney, and the circuit court clerk into required parties even if they are not the

individuals who served on the Electoral Board when it rendered its decision, would require us to

ignore each use of the word "or" in this clause and replace each use of "or" with the word "and."

We will not ignore the plain language of the statute and the intent of the legislature.  See

Alexander, 204 Ill. 2d at 485; Serwinski, 156 Ill. App. 3d at 259; Allord, 288 Ill. App. 3d at

903. We thus interpret the sections 10--9(2) and 10--10.1 of the Code as making necessary parties either of the county elected officials <u>or</u> those designated to serve on the board by each of those officials, not both. 10 ILCS 5/10--9(2), --10.1. See also <u>Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181</u>, 299 Ill. App. 3d 548, 553 (1998) (noting that all of the Board members who participated in making the decision by voting on the outcome of the election dispute were necessary parties).

Mayden also contends that even if the elected county officials are not part of the "Electoral Board," their participation is necessary as being one of the "other parties" necessary to the case. See 10 ILCS 5/10--9(2). Mayden argues that this phrase necessarily includes not only the named county officeholders, but any designee, like Michael Prinzi, who took part in any part of the Board's administrative proceedings. Illinois courts, however, have never found that the county officeholders themselves are *per se* required; nor have the courts deemed Board members who did not actually vote to determine the outcome of the case as "necessary" parties. The necessary parties consist of the candidate(s) affected by the petition and each individual Board member who voted to resolve the case. <u>Allord</u>, 288 Ill. App. 3d at 905 (further noting that although the county clerk "could have been joined in this action, [petitioner's] decision not to name him as a respondent in the Section 10--10.1 petition, or serve him, did not defeat the [circuit] court's jurisdiction"); <u>Bill</u>, 299 Ill. App. 3d at 553; see also <u>Russ v. Hoffman</u>, 288 Ill. App. 3d 284 (1997) (though each of the individual members designated by county officeholders to serve on the Electoral Board are necessary parties, the court never noted that the county officeholders themselves were necessary parties).

In our view, Rita satisfied all of the requirements of Section 10--10.1 necessary to confer jurisdiction to the circuit court, including having named and served all parties necessary to the outcome of the instant case. 10 ILCS 10−10.1. Rita was not required to serve the county officeholders themselves or Michael Prinzi, because none of those individuals took part in the resolution of the issues presented in this case. See Allord, 288 Ill. App. 3d at 905.

We pause briefly to address the standard of review. Mayden argues that the instant case concerns questions of fact or at least mixed questions of law and fact. Because the only substantive issues in dispute concerned the scope and breadth of Section 8--8.1 of the Election Code, a statutory interpretation question, we review this issue *de novo*. See Havens v. Miller, 102 Ill. App. 3d 558, 561 (1981) ("As an appellate court, * * * the scope of our review on questions of law is independent."). We also note that although this case comes to us on appeal from the circuit court, we are actually reviewing the Electoral Board's decision; although we review the statute *de novo*, the Board's interpretation of the Code is entitled to some deference, as it is the entity charged with interpreting the Election Code. See Maske v. Kane County Officers Electoral Board, 234 Ill. App. 3d 508, 510 (1992) (noting that the court was reviewing the decision of the hearing board; reviewing a dispute concerning the interpretation of the Election Code *de novo*; further noting that some "deference" should be given "to the interpretation given by the agency charged with the administration of the statute").

We now turn to the question of whether Mayden's use of the designation "THE COACH" on his nominating papers violated Section 8--8.1 of the Election Code. 10 ILCS 5/8−8.1. That section provides as follows:

9

"In the designation of the name of a candidate on a petition for

nomination, the candidate's given name or names, initial or initials, a nickname

by which the candidate is commonly known, or a combination thereof, may be

used in addition to the candidate's surname. No other designation such as a

political slogan, title, or degree, or nickname suggesting or implying possession

of a title, degree or professional status, or similar information may be used in

connection with the candidate's surname, except that the title 'Mrs.' may be used

in the case of a married woman." 10 ILCS 5/8−8.1.

Mayden argues that the designation "THE COACH" after his name is appropriate because "THE COACH" is merely a "nickname" by which he is "commonly known" in his community. Mayden asserts that he has volunteered for nearly 20 years as a baseball coach and that as a result of this volunteer effort, he is known to "parents, players, friends, family members, and the community at large" as "the Coach." Rita does not dispute Mayden's factual assertions. Instead, he argues that the designation "THE COACH" is an improper title that suggests "professional status" or other "similar information" that is explicitly prohibited by Section 8--8.1 of the Code. 10 ILCS 5/8−8.1.

As stated previously, as a reviewing court, our job in interpreting a statute is to ascertain and give effect to the true intent of the legislature by first examining the language of the statute itself. See Alexander, 204 Ill. 2d at 485; Serwinski, 156 Ill. App. 3d at 259. The first sentence of Section 8--8.1 empowers the candidate to use his surname and certain other designations on his nominating papers; these designations include the candidate's given

10

name, initials, or a nickname by which the candidate is commonly known. 10 ILCS 5/8--8.1. All of the designations permitted by the first, empowering sentence of the statute are intimately related to the name or nickname used merely to identify the candidate. 10 ILCS 5/8--8.1.

The second sentence of Section 8--8.1 does not use empowering language; it limits a candidate's use of designations. 10 ILCS 5/8--8.1 (providing that "[n]o other designation" may be used on the nominating papers and providing various categories of prohibited designations). That the second, limiting sentence begins with the phrase "[n]o other designation" is a clear instruction that the General Assembly sought to limit the use of designations to those explicitly provided for in the prior sentence. The non-exhaustive list of categories of improper designations provided in the statute includes political slogans, titles, and other designations which communicate professional status. 10 ILCS 5/8-8.1. For example, in Jones v. Municipal Officers Election Board, 112 Ill. App. 3d 926, 931 (1983), this court affirmed the decision of an electoral board that the designation "REVEREND" along with the candidate's name was improper.

While a titular designation like "REVEREND" is not quite the same as the designation "THE COACH," in our view, both designations are meant to communicate information about either the candidate's profession or some other type of special status in the community to those individuals who sign the candidate's nominating petitions. The plain language of Section 8--8.1 makes the purpose of the provision clear: Section 8--8.1 permits the disclosure of names, initials, and nicknames that assist voters in identifying the candidate, but prohibits the use of designations which communicate a candidate's special educational, social, or community status.

11

10 ILCS 5/8–8.1; see also Jones, 112 Ill. App. 3d at 931 (noting that the statute prohibited use of the title "Reverend" on a candidate's nominating petition because it might induce a voter "to sign that petition on the strength of that title, whether or not he was familiar with the candidate's abilities"). Mayden's use of the designation "THE COACH" did more than merely identify him in the way that a name or common nickname does. "THE COACH" is a title meant to communicate information about Mayden's volunteer work and his special status in the community. In this way, the designation "THE COACH" is much more like the improper designation "REVEREND" than it is like a nickname meant simply to help voters identify an individual candidate. See 10 ILCS 5/8–8.1; Jones, 112 Ill. App. 3d at 931. Despite the deference owed to the Electoral Board's interpretation of the Election Code, we find that the Board construed the prohibitions on designations provided for in Section 8--8.1 too narrowly. Instead, the circuit court's assessment of Section 8--8.1's scope was proper. We thus affirm the circuit court's ruling and reverse the Electoral Board's decision.

The circuit court also ordered that Mayden's name be struck from the ballot. This is a harsh remedy. We note, however, that striking a candidate's name from the ballot is necessary when a candidate uses an improper designation because it taints the nominating process itself, not simply the ballot. See Jones, 112 Ill. App. 3d at 931 (striking from the ballot the name of a candidate who used an improper designation). As this court noted in that case:

"It is possible that a voter, seeing the title 'Reverend' on a nominating petition, would be induced to sign that petition on the strength of that title, whether or not he was familiar with the candidate's abilities. We do not know

12

whether that was the case here, but the statute was designed to eliminate the need for inquiry into the reasoning processes of the numerous persons who sign a candidate's petition." Jones, 112 Ill. App. 3d at 931.

The Jones court rejected the candidate's argument that striking his name from the ballot was too harsh of a remedy. Jones, 112 Ill. App. 3d at 931 (rejecting the argument that merely removing the title "Reverend" from the ballot would be a reasonable sanction). The court noted that it was concerned "not merely with orderly procedure but with conduct in direct violation of the Electoral Code." Jones, 112 Ill. App. 3d at 931. Further, in Jones, as in the instant case, the harm had already occurred by the time the candidate filed his nominating papers; any unfair advantage created by use of the improper designation had already tainted the nominating process itself; this cannot be corrected by simply removing the offensive title. See Jones, 112 Ill. App. 3d at 931. As the Jones court noted, the only possible remedy in a case like this is removal of the offending candidate's name from the ballot; to do otherwise "might encourage others in the future to consider the use of titles on nomination papers knowing that it would result only in the removal of the titles on the ballots." Jones, 112 Ill. App. 3d at 931.

Mayden attempts to distinguish Jones on the grounds that the titular designation "Reverend" is unlike his use of the designation "the Coach;" that the Jones court affirmed, rather than reversed, a decision of an electoral board; that Jones concerned a municipal electoral board rather than a county electoral board, and that the offending candidate in Jones also failed to disclose financial documents, as required by statute. In our view, however, none of these differences are sufficient to distinguish Jones from the instant matter. Like the Jones court, we

13

No. 1-06-0458

find that a candidates use of an improper designation on his nominating papers in violation of Section 8--8.1 of the Election Code requires that the offending candidate's name be struck from the ballot. Jones, 112 Ill. App. 3d at 931; 10 ILCS 5/8--8.1.

CONCLUSION

For the reasons stated above, we affirm the judgment of the circuit court denying Mayden's 2--619 motion, exercising its jurisdiction over the instant case, and striking Mayden's name from the primary election ballot; we reverse the decision of the Electoral Board.

Circuit court judgment affirmed.

McNULTY, P.J., with FITZGERALD SMITH, J., concur.

14