2021 IL App (2d) 210084-U
No. 2-21-0084
Order filed March 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOSHUA COHEN, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-MR-67 |
| | ) | |
| STEVEN VAUGHN, PAUL LAW, | ) | |
| HON. NANCY WAITES (ret.), TRAVIS | ) | |
| HALEY and ERIN QUARLES, and ROBIN | ) | |
| M. O'CONNOR as the Lake County Clerk, | ) | |
| Respondents, | ) | |
| (Travis Haley and Erin | ) | Honorable |
| Quarles, Respondents-Objectors- | ) | Charles Smith, |
| Appellants). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: Electoral Board's decision to exclude petitioner's name from the ballot was not clearly erroneous where petitioner swore on his Statement of Candidacy that he was seeking, and was qualified for, a different office than was listed on his other nomination papers.

¶ 2    Respondents Travis Haley and Erin Quarles (objectors) appeal from the trial court's reversal of the decision of the Avon Township Officers Electoral Board removing the name of petitioner, Joshua Cohen (candidate), from the ballot as a candidate for Avon Township Assessor

at the April 6, 2021, Consolidated Election. We granted the objectors' motion to place this appeal on an accelerated docket pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018) and allowed the parties to file memoranda in lieu of briefs. Respondents Steven Vaughn, Paul Law, and Hon. Nancy Waites (Ret.) (collectively, the electoral board) also filed a memorandum of law supporting the electoral board's decision, citing *Zurek v. Franklin Park Electoral Board*, 2014 IL App (1st) 142618, ¶ 55 (where "plaintiff made the board a nominal defendant," as here, "the board should have standing to file a brief"). For the following reasons, we affirm the electoral board's decision, and reverse the decision of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4      Cohen was one of a number of candidates who filed new political party nomination papers with the Avon Township Clerk in December 2020. The offices that the party sought included Avon Township Board of Trustees and Avon Township Assessor. One of Cohen's nomination papers was a notarized Statement of Candidacy that indicated his intention and qualification to be a candidate for the board of trustees. The petitions in the nomination papers indicated that Cohen was seeking the office of assessor and were accompanied by a receipt for Cohen's Statement of Economic Interests for the office of assessor and a certificate that he was qualified for the position of assessor. Only the Statement of Candidacy swearing that Cohen was running for and qualified for the board of trustees was signed under oath before a notary.

¶ 5      Objectors filed a timely Objector's Petition asserting that Cohen's name should not appear on the ballot because (1) he failed to submit a sworn Statement of Candidacy that he intended and was qualified to be a candidate for the office of Avon Township Assessor and (2) his nomination papers as a whole created confusion in that his sworn Statement of Candidacy indicated in two separate places that he was running for "Board of Trustees," while the nominating petitions

indicated he was running for "Assessor." Cohen moved to dismiss the petition, arguing, *inter alia*, that his nomination papers substantially complied with section 10-5 and did not cause voter confusion because the petitions that voters signed listed the office as "assessor." The electoral board denied the motion to dismiss.

¶ 6    The board heard oral argument on objectors' petition but rejected Cohen's request to testify as to the reason for the conflict in his nomination papers, determining that the issue before it was a matter of law and Cohen's testimony was not relevant to the question of whether the nomination papers were valid. Cohen did not make an offer of proof as to what he would have testified to. The board found that the nominating papers created confusion due to Cohen's conflicting statements that he was seeking to be a candidate for the offices of assessor and board of trustees and also because the nominating papers did not include a sworn statement that Cohen was seeking, and was qualified for, the office of assessor. The board voted unanimously to grant objectors' petition and ordered that Cohen's name not appear on the April 6, 2021, ballot as a candidate for Avon Township Assessor.

¶ 7    Cohen then filed a petition for judicial review of the electoral board's decision with the Lake County Circuit Court. Objectors and the electoral board submitted briefs in support of the board's decision. The trial court agreed with the electoral board that Cohen's testimony was irrelevant and properly excluded. Focusing on the question of voter confusion, rather than confusion in the nomination papers as a whole, the court determined that voters would not be confused by the conflict created by the Statement of Candidacy. The court noted that it was "greatly troubled by Mr. Cohen not once but twice on the statement of candidacy listing the incorrect office," which it termed "a pretty serious mistake," but decided that it had "to give deference to letting the voters decide."

¶ 8     The trial court reversed the decision of the electoral board, and this timely appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10     Objectors assert that Cohen violated section 10-5 of the Illinois Election Code (the Code) (10 ILCS 5/10-5 (West 2020)) by failing to submit a sworn statement that he is seeking and is qualified for the office of Avon Township Assessor.  Cohen argues in response that his nominating papers substantially complied with section 10-5.  We agree with objectors.

¶ 11     We first determine the appropriate standard of review.  The parties urge *de novo* review, because the facts are undisputed and the case involves an issue of law, namely, interpretation of the section 10-5 of the Code.  Although we would reach the same conclusion under *de novo* review, we believe the correct standard is clearly erroneous.  See *Shannon-DiCianni v. Du Page County Officers Electoral Board*, 2020 IL App (2d) 200027, ¶ 12 (applying clearly erroneous review to electoral board's exclusion of candidate from ballot for failing to meet statutory standards in nominating papers).

¶ 12     We review the decision of the electoral board, not the decision of the circuit court (*Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008)), and we view an electoral board as an administrative agency.  *Id.* at 209.  Although the facts presented to the electoral board are undisputed, resolution of this case is not purely a question of law.  The issue before us (and previously before the Electoral Board) requires a factual determination:  whether Cohen's nomination papers substantially complied with the applicable provisions of the election code.  Because this case presents a mixed question of fact and law, the applicable standard of review is "clearly erroneous."  See *Cinkus*, 228 Ill. 2d at 211 (a dispute that requires an "examination of the legal effect of a given state of facts involves a mixed question of fact and law with a standard of review of 'clearly erroneous' ")

(citing *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill.2d 191, 205 (1998) (the applicable standard of review for the board's decision "should be between a manifest weight of the evidence standard and a *de novo* standard so as to provide some deference to the [b]oard's experience and expertise")). An electoral board's decision is deemed "clearly erroneous" when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390, 395 (2001). We note that to the extent we must interpret section 10-5, the board's interpretation is "entitled to some deference, as it is the entity charged with interpreting the Election Code." *Rita v. Mayden*, 364 Ill. App. 3d 913, 919 (2006). See also *Shannon-DiCianni*, 2020 IL App (2d) 20007, ¶ 12.

¶ 13    Section 10-5 of the Code provides, in pertinent part:

> "certificate of nomination or nomination papers *** must include a statement of candidacy for each of the candidates named therein ***. Each such statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is qualified for the office specified *** [,] shall request that the candidate's name be placed upon the official ballot and shall be subscribed and sworn to by such candidate before some officer authorized to take acknowledgments of deeds in this State *** [.]" 10 ILCS 5/10-5 (West 2020).

¶ 14    The statutory requirement governing statements of candidacy and the accompanying oath are mandatory requirements. *Cinkus*, 228 Ill. 2d at 219. Thus, "[i]f a candidate's statement of candidacy does not substantially comply with statutory requirements, the candidate is not entitled to have his or her name appear on the ballot." *Goodman v. Ward*, 241 Ill. 2d 398, 409 (2011).

¶ 15    When a candidate submits nomination papers to run for office, the candidate swears that he or she is presently qualified for the office sought. *Muldrow v. Municipal Officer Electoral Board,* 2019 IL App (1st) 190345, ¶ 28 (citing *Cinkus*, 228 Ill. 2d at 219).  "If a candidate's statement that he or she is qualified for the office sought is inaccurate, the statement fails to satisfy statutory requirements and constitutes a valid basis upon which an electoral board may sustain an objector's petition seeking to remove a candidate's name from the ballot." *Muldrow*, 2019 IL App (1st) 190345, ¶ 20.

¶ 16    Here, Cohen's Statement of Candidacy stated the office sought as board of trustees and included an oath that he was legally qualified for that office.  There is no oath from Cohen anywhere in the nomination papers that he is qualified for the office of assessor.  The electoral board's decision that Cohen's Statement of Candidacy does not substantially comply with section 10-5 is not clearly erroneous.

¶ 17    Objectors further contend that Cohen's nominating papers, when taken as a whole, create confusion as to which office he is seeking.  A candidate is entitled to have his name placed on the ballot if there is "no basis for confusion as to the office for which the nominating papers were filed." *Lewis v. Dunne*, 63 Ill. 2d 48, 53 (1976).  The *Lewis* court established two requirements to determine if the candidate has complied with the requirement of nomination.  First, the nomination papers as a whole must not create a basis for confusion as to the office sought.  *Id.*  Second, the purpose of the papers that contain the incorrect office must not be frustrated by the error.  *Id*. at 52-53.  See also *Wiesner v. Brennan*, 2016 IL App (2d) 160115, ¶ 27.

¶ 18    "If nominating papers describe only one possible [office], then there is no basis for confusion." *Pascente v. County Officers Electoral Board of the County of Cook*, 373 Ill. App. 3d 871,874 (2007).  However, where the papers refer to more than one office, there is a basis for

confusion. See, e.g., *Heabler v. Municipal OfficersElec. Bd.*, 338 Ill. App. 3d 1059, 1062-63 (2003) (nominating papers failed to indicate which of two trustee offices candidate sought). Here, Cohen stated the office sought as "Board of Trustees" in his Statement of Candidacy and as "Assessor" on his petition signature sheets (and other documents). Both of these offices exist in Avon Township, with differing authority and responsibilities. The nomination papers thus contain an inherent inconsistency that gives rise to confusion.

¶ 19    To determine if a failure in specifying the particular office on a nominating petition frustrates the purpose of the petition, courts look to whether offices are of the same or of a different type; offices differ in type when the duties that they entail differ. *Id.* ¶28. Here, the purpose of the Statement of Candidacy is frustrated by Cohen's apparent error in naming the office he seeks. The purpose of the petitions is for registered voters in the political subdivision to demonstrate their support for placing Cohen on the ballot for the office of assessor. The purpose of the Statement of Candidacy, on the other hand,is for Cohen to swear under oath that he is a registered voter in the subdivision; that he is seeking to be placed on the ballot for a specific office, and, that he is qualified for that particular office. *See* 10 ILCS 5/10-5. Because Cohen failed to identify the office of assessor on his Statement of Candidacy, identifying instead the board of trustees, he frustrated the purposes of the Statement of Candidacy, specifically, that he swears he is seeking the office of assessor and is qualified for that position.

¶ 20    Accordingly, under the *Lewis* court's directives for determining compliance with nomination requirements, we cannot say the board's ruling was clearly erroneous.

¶ 21    Cohen's appeal arguments are unresponsive to the board's findings of fact and its actual ruling, namely, that his statement of candidacy does not comply with the statute because it lacks a sworn statement that he is seeking and is qualified for the office of assessor. Cohen urges us to

extend our review beyond whether the board rendered a reasonable decision based on the facts or a clearly erroneous decision. He contends that there is no basis for confusion where, looking at the nominating papers as a whole, it is clear which position he seeks. His reliance on *Lewis* to support this position is misplaced.

¶ 22    In *Lewis*, the supreme court found *"no conflict or inconsistency between the description of the office in the petitions signed by electors and the statement of candidacy,"* where both listed the office as "Judge of the Appellate Court, First District," but only one document included the phrase "to fill the vacancy created by the retirement of the Honorable Robert E. English." *Lewis*, 63 Ill. 2d at 54. The court further perceived "no difference in the qualifications" for the listed offices. *Id* (noting that the apparent purpose of requiring a statement of candidacy is to obtain a sworn statement from the candidate establishing his qualifications for the office he seeks). Here, in contrast, Cohen's statement of candidacy contradicted what his petitions stated about the office he was running for and offered nothing about his qualifications for the office of assessor, which are different from the qualifications for the office of board of trustees. The dispositive facts, therefore, distinguish *Lewis* from this case, and we find no error in the board's focus on whether the statement of candidacy itself was compliant. See *Lawlor v. Municipal Officer Electoral Board*, 28 Ill. App. 3d 823, 828-29 (1975) (nominating petition and statement of candidacy could not be read together so as to validate statement of candidacy that did not itself set forth the matters required).

¶ 23    Cohen further contends that the circuit court correctly gave "deference to letting the voters decide," arguing that the petitions signed by the voters list "assessor" as the office he seeks. Voters decide elections, however, not whether candidates' names should appear on the ballot. The trial court's reasoning, and Cohen's, improperly transfers the board's duty to the public. It is the electoral board, not the public, that votes on whether confusion exists.

¶ 24　Finally, Cohen asserts that the board's decision not to allow him to testify is a "due process concern"; he would have clarified that while he is seeking, and qualified for, the office of assessor, he made "an inadvertent and good faith error" on the Statement of Candidacy.  Cohen made no offer of proof as to the relevancy of his testimony below, and he does not resolve the question of relevancy on appeal.  If anything, his acknowledgment of his negligence constitutes an admission of the facts relied upon by the board and only corroborates the confusion created by his nominating papers.

¶ 25　　　　　　　　　　　　　　III. CONCLUSION

¶ 26　For the reasons stated, we reverse the judgment of the circuit court of Lake County and affirm the decision of the Avon Township Officers Electoral Board excluding candidate Cohen's name from the ballot in the April 6, 2021, Consolidated Election.

¶ 27　Circuit court judgment reversed.

¶ 28　Board decision affirmed.