# Illinois Official Reports

## Appellate Court

> *Shannon-DiCianni v. Du Page County Officers Electoral Board*,
> 2020 IL App (2d) 200027

| | |
|---|---|
| Appellate Court Caption | NATALIE ROSE SHANNON-DiCIANNI, Petitioner-Appellant, v. THE DU PAGE COUNTY OFFICERS ELECTORAL BOARD; JEAN KACZMAREK, in Her Official Capacity as a Member of the Du Page County Officers Electoral Board and as the Du Page County Clerk; ROBERT KELTNER and CONOR McCARTHY, in Their Official Capacities as Members of the Du Page County Officers Electoral Board; and JACALYNN WEST, Respondents-Appellees. |
| District & No. | Second District<br>No. 2-20-0027 |
| Filed | April 21, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 2019-MR-1419; the Hon. Paul M. Fullerton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Burton S. Odelson, Ross D. Secler, and Jayman A. Avery III, of Odelson & Sterk, Ltd., of Evergreen Park, for appellant.<br><br>Luke P. Hajzl, of Rolling Meadows, for appellee Jacalynn West.<br><br>Patrick K. Bond, Mary E. Dickson, and Sean Conway, of Bond, Dickson & Conway, of Wheaton, for other appellees. |

Panel                    JUSTICE ZENOFF delivered the judgment of the court, with opinion.
                         Justices McLaren and Hudson concurred in the judgment and opinion.


**OPINION**

¶ 1      Petitioner, Natalie Rose Shannon-DiCianni, filed nominating papers to be a Democratic candidate for the office of Du Page Forest Preserve Commissioner, District 2, at the March 17, 2020, primary election. Jacalynn West (objector) objected to petitioner's nominating papers on numerous grounds, including that she used a false name. The Du Page County Officers Electoral Board (Board) agreed with the objector on this point and ordered that petitioner's name would not appear on the ballot. Pursuant to section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2018)), petitioner filed a petition for judicial review in the circuit court of Du Page County. She named as respondents the objector, the Board, the Board's members (Jean Kaczmarek, Robert Keltner, and Conor McCarthy), and Kaczmarek, in her capacity as the Du Page County Clerk. The circuit court affirmed the Board's decision, and petitioner appealed.

¶ 2      Due to the time constraints attendant to this appeal, on March 10, 2020, we entered a minute order affirming the circuit court's judgment. We indicated in our order that we would issue a disposition in due course explaining our reasoning. In accordance with that order, we now take the opportunity to explain our decision.


¶ 3                                I. BACKGROUND

¶ 4      Petitioner listed her name on her nominating papers as "Natalie Rose Shannon-DiCianni." Although the objector alleged that these nominating papers contained numerous improprieties, the only objection that is relevant to this appeal is the objector's contention that petitioner used a false name.

¶ 5      After holding a hearing, the Board made the following factual findings: (1) petitioner's full legal name is "Natalie Rose DiCianni"; (2) her nickname is "Shannon"; (3) she has never been married or undergone a legal name change; (4) her nominating papers included a hyphen between the names "Shannon" and "DiCianni"; and (5) such hyphen indicated a "double surname"—*i.e.*, "Shannon-DiCianni."

¶ 6      The Board concluded that petitioner's nominating papers violated the following portion of section 7-10.2 of the Election Code:

> "In the designation of the name of a candidate on a petition for nomination or certificate of nomination the candidate's given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof, may be used in addition to the candidate's surname." 10 ILCS 5/7-10.2 (West 2018).

According to the Board, this statute allows a candidate to use a nickname in combination with, or in lieu of, her given and middle names. The statute, however, provides "[n]o such alternative" for a candidate's surname. In that sense, the Board reasoned that "the surname is the most significant part of the Candidate's name, and is the one thing that must be right." The Board explained that the purpose of the statute is to "protect the voters by ensuring that they know exactly for whom they are voting." Because petitioner's use of a hyphen presented the

false surname of "Shannon-DiCianni," the Board ordered that her name would not appear on the primary ballot.

¶ 7    Petitioner sought judicial review. The trial court affirmed the Board's decision, and petitioner timely appeals.

¶ 8                                    II. ANALYSIS

¶ 9    Petitioner emphasizes the importance of voting rights and cites case law indicating that access to the ballot should not be lightly denied. She contends that section 7-10.2 of the Election Code provides candidates "extensive latitude" as to how to present themselves to the public. She maintains that she complied with this statute because the statute neither specifies the punctuation that is required to designate a nickname nor prohibits any particular punctuation. Moreover, according to petitioner, she assembled more than the minimum number of signatures to appear on the ballot, so the purpose of requiring nominating papers was satisfied here. Petitioner further suggests that the objector's objection should have been "dismissed or denied summarily" because the objector's contention that petitioner used a false name was disproven and the Board lacked the authority to raise objections on its own accord.

¶ 10    The objector, on the other hand, argues that petitioner's use of a "fictitious surname" on her nominating papers justified her removal from the ballot. In the objector's view, petitioner's "use of the improper surname was motivated by the statistical voter theorem of 'voter polarization,' the principle that members of various racial or ethnic groups have a strong preference for a candidate that belongs to their group." In other words, the objector accuses petitioner of attempting to mislead voters and "gain[ ] an unfair advantage by combining an Irish-sounding name with her legal Italian-sounding surname." If we determine that the Board's decision was clearly erroneous, the objector alternatively argues that some of the Board's procedural and evidentiary rulings violated her due process rights. Neither the Board nor its members filed briefs in this court.

¶ 11    A challenge in the circuit court to an electoral board's decision is "in the nature of administrative review." *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 19. Accordingly, we review the electoral board's decision, not the decision of the circuit court. *Jackson-Hicks*, 2015 IL 118929, ¶ 19. Petitioner asserts that we should review the Board's decision *de novo* because it "presents solely a question of law." Elsewhere in her brief, however, petitioner suggests that the Board's decision was both "clearly erroneous" and "contrary to the manifest weight of the evidence." The objector maintains that the clearly erroneous standard of review is appropriate.

¶ 12    Our standard of review depends on whether the dispute presents an issue of fact, an issue of law, or a mixed question of fact and law. *Jackson-Hicks*, 2015 IL 118929, ¶ 20. This appeal presents mixed issues of fact and law, as the Board made factual findings regarding the significance of the punctuation in petitioner's name as it appeared in her nominating papers and then applied section 7-10.2 of the Election Code to those findings. Where, as here, the dispute requires an "examination of the legal effect of a given state of facts," the clearly erroneous standard applies. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008). Under this standard, we will reverse the Board's decision if we are left with the " 'definite and firm conviction that a mistake has been committed.' " (Internal quotation marks omitted.) *Cinkus*, 228 Ill. 2d at 211 (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001)). We note that to the extent

that we must interpret section 7-10.2, the Board's interpretation of the statute is "entitled to some deference." *Rita v. Mayden*, 364 Ill. App. 3d 913, 919 (2006).

¶ 13    We first reject petitioner's suggestion that the Board improperly raised its own objection to her nominating papers. The objector explicitly argued that petitioner "improperly used a false name, Natalie Rose Shannon-DiCianni, in disregard of 10 ILCS 5/7-10.2."

¶ 14    Turning to the merits, for the following reasons, we hold that the Board's decision was not clearly erroneous.

¶ 15    Petitioner identified herself in her nominating papers as "Natalie Rose Shannon-DiCianni," even though that was not her legal name. By conventional modern American standards, hyphenating one's name in this manner indicates that a person has two surnames, typically acquired either from one's parents or upon marriage. See *In re Marriage of Piegari*, 2016 IL App (2d) 160594, ¶ 3 (in a dissolution of marriage proceeding, the mother petitioned to change her children's surname from "Piegari," which was the father's surname, to "Piegari-Crider," to include the mother's maiden name). Reasonable voters would read this name and surmise that the candidate's surnames are "Shannon-DiCianni"; they would not discern that her nickname is "Shannon" and that her surname is "DiCianni." The Board thus properly determined that petitioner's nominating papers reflected double surnames.

¶ 16    The next question is whether, in light of that finding, the Board properly determined that petitioner's nominating papers violated section 7-10.2 of the Election Code. Our goal in interpreting a statute is to ascertain and effectuate the legislature's intent. *Jackson-Hicks*, 2015 IL 118929, ¶ 21. The language of the statute is the best indicator of legislative intent. *Jackson-Hicks*, 2015 IL 118929, ¶ 21. Where the language is plain and unambiguous, we will apply it as written without resorting to aids of statutory construction. *Jackson-Hicks*, 2015 IL 118929, ¶ 21.

¶ 17    Section 7-10.2 of the Election Code provides:

"In the designation of the name of a candidate on a petition for nomination or certificate of nomination the candidate's given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof, may be used *in addition to the candidate's surname*. If a candidate has changed his or her name, whether by a statutory or common law procedure in Illinois or any other jurisdiction, within 3 years before the last day for filing the petition or certificate for that office, whichever is applicable, then (i) the candidate's name on the petition or certificate must be followed by 'formerly known as (list all prior names during the 3-year period) until name changed on (list date of each such name change)' and (ii) the petition or certificate must be accompanied by the candidate's affidavit stating the candidate's previous names during the period specified in (i) and the date or dates each of those names was changed; failure to meet these requirements shall be grounds for denying certification of the candidate's name for the ballot or removing the candidate's name from the ballot, as appropriate, but these requirements do not apply to name changes resulting from adoption to assume an adoptive parent's or parents' surname, marriage to assume a spouse's surname, or dissolution of marriage or declaration of invalidity of marriage to assume a former surname. No other designation such as a political slogan, as defined by Section 7-17, title or degree, or nickname suggesting or implying possession of a title, degree or professional status, or similar information may be used

in connection with the candidate's surname." (Emphasis added.) 10 ILCS 5/7-10.2 (West 2018).

The first sentence of this section is dispositive of the issue. Although a candidate may combine her given name with her initials or nickname in her nominating papers, any combination of names must be "in addition to" her surname. Thus, under the plain and unambiguous language of the statute, petitioner was not permitted to combine her nickname with her surname by using a hyphen.

¶ 18    The final question for our consideration is whether the Board properly ordered that petitioner's name would not appear on the primary ballot. We hold that this was the proper remedy. The second sentence of section 7-10.2, which outlines the requirements when a candidate changes her name, provides that the "failure to meet these requirements shall be grounds for denying certification of the candidate's name for the ballot or removing the candidate's name from the ballot, as appropriate." 10 ILCS 5/7-10.2 (West 2018). This language was added to section 7-10.2 in 2007 and removes any doubt as to the proper remedy.

¶ 19    Also in 2007, identical language was added to analogous provisions of the Election Code, specifically, sections 8-8.1 and 10-5.1. See Pub. Act 94-1090, § 5 (eff. June 1, 2007) (amending 10 ILCS 5/8-8.1, 10-5.1). Even under the preamendment versions of sections 8-8.1 and 10-5.1, courts recognized that removal from the ballot was the appropriate remedy when candidates used improper names in their nominating papers. In *Jones v. Municipal Officers Electoral Board*, 112 Ill. App. 3d 926, 930-31 (1983), the court held that a candidate violated section 10-5.1 by including the title "Reverend" in his nominating papers, and the appropriate remedy was to remove him from the ballot. To support its holding that removing the candidate from the ballot was the proper remedy—as opposed to simply omitting the improper title when his name appeared on the ballot—the court reasoned, *inter alia*, (1) the legislature intended to "prevent a candidate from unduly influencing voters in his nomination as well as in his election," (2) failure to remove this candidate from the ballot might encourage other candidates to use improper titles in their nominating papers, and (3) "the harm had already occurred," given that the nominating papers bearing the improper title had already been circulated. *Jones*, 112 Ill. App. 3d at 931.

¶ 20    The court reached a similar result in *Rita*, upon construing section 8-8.1. In *Rita*, the candidate listed his name in his nominating papers as " 'MICHAEL E. MAYDEN (THE COACH).' " *Rita*, 364 Ill. App. 3d at 915. The court determined that " 'THE COACH' " was not just a nickname but an improper "title meant to communicate information about [the candidate's] volunteer work and his special status in the community." *Rita*, 364 Ill. App. 3d at 921. The court concluded that striking the candidate's name from the ballot was the proper remedy, albeit a "harsh" one. *Rita*, 364 Ill. App. 3d at 921. The court explained that "striking a candidate's name from the ballot is necessary when a candidate uses an improper designation because it taints the nominating process itself, not simply the ballot." *Rita*, 364 Ill. App. 3d at 921.

¶ 21    Here, petitioner combined her nickname with her surname in a manner that was likely to mislead voters. The objector insists that petitioner used the surnames "Shannon-DiCianni" intentionally to appeal to voters of multiple heritages. We need not address that issue. We interpret section 7-10.2 of the Election Code as prohibiting the use of a false surname, irrespective of the candidate's intent to mislead voters. The way petitioner identified herself had the effect of presenting to the public a false surname. Under the plain language of section

7-10.2 and pursuant to the reasoning of *Jones* and *Rita*, the Board properly determined that the appropriate remedy was to prevent petitioner's name from appearing on the primary ballot. Having ruled in the objector's favor, we need not address her alternative argument that the Board violated her due process rights.

¶ 22                                                            III. CONCLUSION

¶ 23        For the reasons stated, we affirm the judgment of the circuit court of Du Page County, which affirmed the decision of the Du Page County Officers Electoral Board.

¶ 24        Affirmed.